CASE 49—PETITION EQUITY—FEBRUARY 19.

## Reed v. Reed, Trustee, &c.

91 267
104 665
91 267
113 945

APPEAL FROM LOUISVILLE CHANCERY COURT.

AN ORDER OF THE COUNTY COURT PROBATING A WILL IS VALID AS TO ALL THE WORLD SO LONG AS IT REMAINS IN FORCE. Therefore, where the executors have full power under the will to sell and convey the testator's property, their deed vests in the grantee a perfect title, although the heirs of the testator may thereafter, within the time allowed by law, appeal from and annul the order of probate.

J. G. SIMRALL FOR APPELLANT.

No brief in record.

TEMPLE BODLEY FOR APPELLEES.

The title of a purchaser in good faith of land from a devisee under a will duly admitted to probate is not affected by proceedings subsequently instituted, and resulting in annulling the will. (Broderick Will Case, 21 Wall.; Steele v. Renn, 50 Texas, 467.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

Leander S. Reed died testate on September 20, 1890. The will gives his three infant children his estate in

equal portions after the payment of his debts. It selects a guardian and trustee for each of the two daughters, and a guardian for the son. It appoints his two brothers, P. B. and J. D. Reed, his executors, with full power, without the intervention of a court, to sell and convey any of his real estate as they may deem best. They qualified as such representatives, after the will had been duly probated, and in December, 1890, sold to the appellant, S. S Reed, by written contract, a portion of the real estate. He refuses to accept a deed thereto, and pay therefor, upon the sole ground that as the heirs at law of the testator have five years from the probate of the will in the county court within which they may appeal to the circuit court and annul it, the conveyance from the executors will not certainly invest him with a good title. In other words that he will during that period stand in the attitude of a *lis pendens* purchaser, holding a title subject to be defeated by the setting aside of the will.

This question was not determined in the case of Arterburn's Ex'rs v. Young, &c., 14 Bush, 509. There the will of Conrad Young was probated on May 23, 1860. The devisee mortgaged the land, and the lien being enforced, Arterburn purchased it at the decretal sale on March 29, 1875. No appeal was taken from the order of probate until April 19, 1875, a period of about fifteen years. The will having, upon the appeal, been set aside, some of the heirs-at-law of Young sued Arterburn for the land.

This court, *contra* to the decision of the lower court, held that they could not recover, but based

its opinion upon the fact that when the land was mortgaged, and the sale made, the time had expired within which an appeal could be taken from the order of probate, and that clearly, therefore, the purchaser could not be regarded as a *lis pendens* one.

The opinion in the case expressly says that the effect of a judgment of probate is not determined. Now, however, the question is directly presented.

Our statute provides: "No will shall be received in evidence until it has been allowed and admitted to record by a county court; and its probate before such court shall be conclusive, except as to the jurisdiction of the court, until the same is superseded, reversed or annulled;" and this has been the law in this State since 1797. (General Statutes, chapter 113, section 28.)

The probate of a will is an *ex parte* proceeding, and essentially one *in rem*. It determines the *status* of the property. The order of probate, while it remains in force and not superseded, is binding not only upon the interested parties, but is valid as to all the world

It was said in the case of Mitchell, &c., v. Holder, &c., 8 Bush, 362: "It has been repeatedly held that the probate or rejection of a will by the proper court, having the case regularly before it, was like a sentence *in rem*, conclusive while it remained in force in the same and all other courts, and between all persons, whether formal parties to the record or not."

It is well settled that the acts of an executor done under a will, which is subsequently set aside, are

Reed v. Reed, Trustee, &c.

valid as to every one. Public policy requires this rule.

In Moore v. Tanner's Admr., 5 Mon., 42, it is said: "The grant of probate is a judicial act, and when done by a court of competent jurisdiction is, until repealed, conclusive in all other courts. Thus, in Toller's Law of Executors, page 76, it is said: "So long as the probate remains unrevoked, the seal of the ordinary can not be contradicted, for the temporal court can not pass a. judgment respecting a will in opposition to that of the ecclesiastical court, and, therefore, if a probate under seal be shown, evidence will not be admitted that the will was forged, or that the execution of it was procured by fraud, or that the testator was *non compos mentis*, or that another person was executor, for these are points which are exclusively of spiritual cognizance."

Again, on page 77, the same author says: "It has been determined that payment of money to an executor, who had obtained probate of a forged will, was a discharge of the debtor of the intestate, although the probate was afterwards revoked and administration granted to the next of kin."

See, also, Williams on Executors, page 251, and Jones' Ex'r, v. Jones, 14 B. M., 373. 464

The probate proceeding being in the nature of one *in rem*, it may be likened to an action against a non-resident, where his land is attached and sold. Although he may subsequently appeal and reverse the decree as erroneous, yet the purchaser can not be disturbed.

Greenleaf on Evidence, section 550. says: "Where

the decree is of the nature of proceeding *in rem*, as is generally the case in matters of probate and administration, it is conclusive like those proceedings against all the world."

In the case of Tibbatts, &c., v. Berry, &c., 10 B. M., 474, this court said : "The two cases on Wells' will (5 Litt., 273, and 4 Mon., 152), and the case on Singleton's will (8 B. M., 340), and other cases, rec- ognize and establish the principle that under our system for probate of wills, and indeed as necessarily flowing from it, the probate or rejection of a will by the proper tribunal, having the case regularly before it, is, like a sentence *in rem*, conclusive while it re- mains in force in the same and all other courts, and between all persons, whether formal parties to the record or not, and that the proceedings for the pro- bate of wills is in the nature of a proceeding *in rem*, presenting the question of will or no will, not as a mere question of property, which can be effectually decided only between the parties to the record and their privies, but as an abstract question, the decision of which, by a competent tribunal having the ques- tion properly before it, is, while it stands, binding upon all the world."

This doctrine is more fully considered in the case of Wood's Adm'r v. Nelson's Adm'r, &c., 9 B. M., 600. There the will was admitted to probate in February, 1844. The executor qualified and proceeded to execute it. In October, 1844, proceedings were in- stituted to annul it, and this was done in July, 1846. In August, 1844, however, the executor had sold the land. It was contended that as it appeared there

never had, in fact, been any will, that all of the executorial acts were void; but they were held valid. Under our statute a county court, in a matter of probate, is not one of limited, but general and exclusive, jurisdiction, subject to appeal, and so long as its judgment probating a will remains in force the acts of the executor are valid and binding upon every one.

The rule declared in Debell v. Foxworthy, 9 B. M., 230, that "a purchase made during an abatement of the suit, if afterwards revived, and prosecuted to a decree without culpable negligence, or after a final disposition of the case in the court below, and before a writ of error is prosecuted, is subject to the final disposition of the cause, and the purchaser is considered as having purchased *pendente lite*," does not apply in a case like this one, where the proceeding by virtue of which the executor acts is in its nature *in rem*.

The will has been duly probated; the executors have properly qualified, and have full power under the will as devisees in trust to sell and convey the property. No objection is now being made to the will, and in our opinion a deed from them will vest in the appellant a perfect title.

Judgment affirmed.