CASE 97—PETITION ORDINARY—JANUARY 30.

# Gregory v. Oates.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. THE WILL OF A MARRIED WOMAN attempting to dispose of her general estate is not rendered valid by a judgment subsequently rendered empowering her to trade in her own name and to dispose of her property by will. Such a judgment gives validity only to her future acts.

2. RECOGNITION OF WILL AFTER REMOVAL OF DISABILITY.—Where the disability of the wife has been removed, either by the death of the husband or by judgment of court, a will executed by her prior to the removal of the disability, is not rendered valid by her mere recognition of it as her will, unless it was wholly written by her. If written by another, it can not be rendered valid without re-acknowledgment and re-attestation after the removal of the disability.

3. THE WILL OF A MARRIED WOMAN attempting to dispose of her general estate is a mere nullity, notwithstanding an order of the county court admitting it to probate.

4. ABANDONMENT OF HOMESTEAD.—Where husband and wife were, at the time of the wife's death, occupying her land as a homestead, the husband's subsequent removal from it with the intention of returning in the event he did not succeed in selling it, which he was attempting to do under the belief that he owned it under his wife's will, did not deprive him of the homestead right, as he had returned to and was occupying the land when the judgment in this case in favor of the wife's heir was rendered.

KOHN, BAIRD & SPECKERT FOR APPELLANT.

1. A married woman, notwithstanding her coverture, has the power to dispose prospectively of her separate estate, or of the property over which she is given the power of disposal under a decree in chancery, by a will executed as provided by the statute, and it makes no difference whether she had a separate estate, or the power she thus attempts to exercise, at the time of the execution of the will, provided she acquires the power or the separate estate during her marriage and before her death. (Jarman on Wills, vol. 1, pp. 54 and 79; Gen. Stats., chap. 113, secs. 4 and 6, chap. 52, art. 2, sec. 6; Thomas v. Jones, 66 Eng. Ch'y, 63; Noble v. Willock, L. R. 8, Ch'y App., 788; Thorndyke v. Reynolds, 22 Gratt., 23; Willock v. Noble, 2 Prob. and D., 276; Womack v. Watson, 4 Ky. Law Rep., 907; Hickman v. Brown, 10 Ky. Law Rep., 952.)

2. If the appellant derived no estate in the property in question under the

will of his deceased wife, he was under our laws entitled to a home-stead right. (Phipps v. Acton, 12 Bush, 879; Sansbury v. Simms, 79 Ky., 529; Ellis v. Davis, 11 Ky. Law Rep., 893; Gen. Stats., chap. 38, art. 13, secs. 14 and 15; Thorne v. Darlington, 6 Bush, 448; Carter v. Goodman, 11 Bush, 299; Black v. Black, 11 Ky. Law Rep., 379.)

BURTON VANCE, WM. L. ALLEN FOR APPELLEE.

1. A *feme covert* can not devise her general estate, nor is her will by which she attempts to do so rendered valid for that purpose by a subsequent decree creating her a *feme sole* and empowering her to dispose of her property by will, unless the will executed when covert be re-executed and re-acknowledged before witnesses after the decree. (Gen. Stats., chap. 113, secs. 2 and 4; Porter, &c., v. Ford, 82 Ky., 192; Robinson v. Robinson, 11 Bush, 175; Payne v. Pollard, 3 Bush, 175; Crain v. Edwards, *ante*, p. 109.)
2. The homestead in this case, which the husband claims he derived through his deceased wife, if there was one, was lost by his abandonment. (Gen. Stats., chap. 38, art. 13, secs. 14 and 15; Little's Guardian v. Woodward, 14 Bush, 585; Gains v. Casey, 10 Bush, 93; Carter, &c., v. Goodman, 11 Bush, 229; Nethercutt v. Herron, 10 Ky. Law Rep., 247; Curran v. Culp, filed January 31, 1891.)
3. The appellant having elected to claim the property in controversy as sole devisee of his deceased wife, is estopped to assert a derivative right of homestead in it through his wife. (Bigelow on Estoppel, p. 578; Smith v. Smith, 14 Gray, 532; Watson v. Christian, 12 Bush, 524; Vance v. Campbell's Heirs, 1 Dana, 229; Chambers v. Davis, 15 B. M., 522; Oschsver v. German Association, 5 Ky. Law Rep., 177.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Elizabeth Oates, appellee, brought this action to re-cover of B. F. Gregory, appellant, a lot of land claimed by her as mother and heir at law of Ada Gregory, who died childless June 9, 1890, owner of it. Appellant, who is surviving husband, in his answer set up title and right of possession under her will dated September 26, 1889, and probated and established by order of the Jefferson County Court made June 16, 1890. He further stated that December 11, 1889, the Louisville Chancery Court upon the joint petition of himself and wife, Ada

Gregory, rendered a judgment in pursuance of section 6, article 2, chapter 52, General Statutes, empowering her, besides other acts, to dispose of her property as a single woman by will or deed, and that the paper in question was between the date of that judgment and her death, repeatedly and deliberately adopted, recognized and declared to be her last will. To that answer a general demurrer was sustained, whereupon appellant filed an amended answer in which he stated he and his wife were *bona fide* housekeepers, occupying the lot, and prayed the court to adjudge the right to occupy and use it as his homestead, as provided by section 15, article 13, chapter 38, General Statutes.

But the issue made by the amended answer and reply to it having been submitted to the court for trial upon an agreed statement of facts, appellant was adjudged not entitled to hold and occupy the lot in dispute as a homestead; but the final judgment was for recovery of it by the plaintiff and a writ of possession awarded.

The deed of date May 14, 1889, clearly did not operate to secure the lot to the separate use of Ada Gregory, with power to dispose of it by will, in meaning of section 4, chapter 113, General Statutes, nor do we understand counsel to so contend; but there was acquired thereby merely a general estate therein. Consequently, she had at date of the will under which he claims no power to devise it to her husband, and her attempt to do so was wholly ineffectual. Nor do we think the judgment of the Louisville Chancery Court, subsequently rendered, had effect to vitalize or at all related to it. It was intended and operated only to empower her to *thereafter* dispose of her estate by will.

Gregory v. Oates.

It does not appear that she, after that judgment, either executed another will or, in the manner required by law, re-acknowledged the original paper as her last will. It is, however, as already mentioned, alleged in the answer that she did after that judgment was rendered deliberately recognize and declare the paper in question to be her last will and left it as such. And it is argued that her acts, thus described, were sufficient to make it a valid and complete last will.

Section 5, chapter on Wills (General Statutes, chapter 113), expressly provides no will not wholly written by the testator shall be valid unless his subscription to it shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator. The paper in question, executed or attempted to be executed by Ada Gregory while a married woman and before she was empowered by the judgment mentioned to so dispose of her estate, was a nullity, and therefore not having been wholly written by her could not be rendered valid for any purpose without a re-acknowledgment by her in the presence of two credible witnesses subscribing their names in her presence.

In the case of Porter v. Ford, 82 Ky., 19, the will was wholly written by the testatrix, and having, after death of her husband, been recognized and adopted by her as her last will, not merely by declarations to that effect but by changes made in it from time to time, and by directions as to the place it was carefully preserved and could be found after her death, was held to be valid and effectual as her last will. But the decision was placed on the ground that being a holograph will the statute did not re-

quire it to be acknowledged by her in the presence of attesting witnesses, and a distinction was then made between it and the will of a married woman not wholly written by herself; which latter, it was held, could not be rendered valid without re-acknowledgment and re-attestation of witnesses.

Therefore assuming, as we think may be done, that a judgment to that effect as fully empowers a married woman to dispose of her estate by will, as she would be after death of her husband, when she had become, in fact, a single woman, still, in order to render effectual for disposing of her general estate, a paper executed for her will before removal of the disability in either mode mentioned, it must appear, if not wholly written by her, to have been, at the time she was empowered to make it, acknowledged and attested as in express terms prescribed by the statute. And as such requirement was not complied with, the paper under consideration can not be regarded as a valid will for any purpose. Nor does it seem to us the order of the county court probating and admitting to record operated, as argued, to make it a valid will. For as Ada Gregory was not at the date it was executed empowered by law to dispose of her general estate by will, no legal effect can be given to her attempt to do so, but the instrument must be treated as a nullity, notwithstanding the order of the county court, showing it was at its date executed and acknowledged in presence of attesting witnesses. But we think that according to the agreed statement of facts appellant was entitled to the land as a homestead.

At death of his wife they were so occupying it, and though he after that event removed from it he still held possession by a tenant and intended to return to it unless

successful in selling it, which he was attempting to do, believing he owned it under his wife. In fact he did, about the middle of February, 1891, return to and re-occupy it, and was in possession when the judgment appealed from was rendered. His attempt and offer to sell the lot can not be regarded as at all inconsistent with his homestead right, because the owner of a homestead may sell it and re-invest the proceeds in another homestead without let or hindrance of his creditors.

For the error indicated the judgment is reversed for proceedings consistent with this opinion.