## Moore, et al. v. Shifflett.

(Decided April 21, 1925.)

### Appeal from Butler Circuit Court.

1. Judgment—Judgment Conclusive in Second Action Between Same Parties on Same Cause of Action as to all Matters which were or Might have been Determined in First Action.—Judgment is conclusive in second action between same parties on same cause of action as to every matter determined or which might have been determined therein, but is not conclusive as to matters which could not have been so determined.

2. Judgment—Adjudication in Action by Decedent's Sisters and Brother Against her Husband for Sale and Division of Realty was Conclusive in Husband's Action to Quiet Title.—Adjudication, in prior action by decedent's sisters and brother against her husband for sale and division of decedent's realty, that decedent was sole owner of realty, was conclusive, in subsequent action by decedent's husband to quiet title, of claim of brother and sisters that they were joint owners with decedent.

3. Judgment—Adjudication that Title to Decedent's Realty Passed to her Husband Under her Will Held Not Conclusive in Subsequent Action, if Will Set Aside on Appeal.—Adjudication, in action for sale and division of decedent's realty against decedent's husband, that husband became sole owner of decedent's realty under her will, was not conclusive of husband's title in subsequent action by husband against decedent's sisters and brother, because will could be set aside on appeal, since under Ky. Stats., section 4852, order probating will is not subject to collateral attack, but can only be set aside on appeal to circuit court.

S. H. BROWN and R. W. DAVIS for appellants.

J. B. RODES and MAX B. HARLIN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Eliza Shifflett died a resident of Butler county in the year 1918. She was survived by her husband, Jacob Shifflett, and by her sisters, C. H. Moore, Bettie Duncan, and Dora Gardner, and her brother, W. A. Bailey, who

were her only heirs at law. Soon after her death, her sisters and brother brought suit against Jacob Shifflett for the sale and division of a 60-acre tract of land located in Butler county. According to the petition the land was devised jointly to plaintiffs and their sister, Eliza Shifflett, by the will of their uncle, Manassa Bailey. Thereafter, C. H. Moore conveyed her one-fourth interest to Eliza Shifflett, who at the time of her death owned an undivided one-half interest in the land, the other two-fourths being owned by Bettie Duncan and Dora Gardner. The petition also averred that Eliza Shifflett died intestate, so far as plaintiffs were advised, and that upon her death they each inherited a one-eighth undivided interest in the land, thus making Bettie Duncan the owner of three-eighths, Dora Gardner the owner of three-eighths, and C. H. Moore and W. A. Bailey the owner of one-eighth each. It was further alleged that Jacob Shifflett was in possession of the land and was claiming title thereto, and it was asked that he be made a party defendant and be required to set up his interest, or be forever barred from doing so. Jacob Shifflett filed an answer denying the allegations of the petition, and pleading that his wife was the sole owner of the land at the time of her death. He further pleaded that his wife left a will which was duly probated in the Butler county clerk's office, by which she devised the entire farm to him. The court was of the opinion that Mrs. Shifflett was the sole owner of the land at the time of her death, and that it passed by her will to her husband, Jacob Shifflett, and rendered judgment dismissing the petition and quieting Jacob Shifflett's title to the land. On appeal the judgment was affirmed. Moore, et al. v. Shifflett, 187 Ky. 7, 216 S. W. 614.

Thereafter, plaintiffs in that action prosecuted an appeal from the judgment probating the will of Eliza Shifflett. Thereupon, Jacob Shifflett brought this action against them to quiet his title. In support of his claim he pleaded the foregoing proceedings and judgment, and alleged that the defendants, regardless of whether the will was set aside on appeal, were estopped by the judgment from ever asserting any title to the land. To the petition the defendants filed an answer, to which a demurrer was sustained, and, they having declined to plead further, judgment was rendered in accordance with the prayer of the petition. The defendants have appealed.

There is no dissent from the rule that when the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive in the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined. Stockton v. Ford, 18 How. 418, 15 U. S. (L. ed.) 395; Elswick v. Matney, 132 Ky. 294, 116 S. W. 718, 136 Am. St. Rep. 180; but matters that could not in any state of case have been determined in the first action under the pleadings and evidence will not be treated as having been determined by the judgment in that action. Phillips v. Big Sandy Company, 149 Ky. 555, 149 S. W. 957. Under this rule it cannot be doubted that the former judgment is conclusive of the claim of plaintiffs in that action that they were joint owners with their sister, but the question whether it is conclusive of their claim as heirs of their sister, and of her husband's claim as devisee under her will, depends on whether the validity of the will could have been questioned and litigated in that action. Under our law the probate of a will is a proceeding *in rem* and the order of probate is conclusive on all the world except as to the jurisdiction of the court until the same is superseded, reversed or annulled, section 4852, Kentucky Statutes, Reed v. Reed, Trustee, 91 Ky. 267, 15 S. W. 525, which can only be done on appeal to the circuit court. Patton v. Sallee, 159 Ky. 285, 166 S. W. 1004. Therefore, when Jacob Shifflett pleaded and proved in the original action that his wife had devised the farm to him by her will which had been duly probated in the Butler county court, the order of probate was conclusive and not subject to attack in that action. It follows that the validity of the will is not a matter which the parties might have litigated and had determined in that action, and that being true the judgment quieting the title of Jacob Shifflett is not conclusive of his title in case the will should be set aside on appeal.

Having this view of the question we conclude that the petition should have been dismissed.

Judgment reversed and cause remanded for proceedings consistent with this opinion.