Grafton, 
May 7, 1929. 

HAROLD W. SWAN & a., *Ex'rs*, v. CHARLES F. BAILEY, *Ap't.*

*Stanton Owen* and *Fred S. Wright*, for the appellees.

*Scott Sloane* and *John F. Cronin* (*Mr. Sloane* orally), for the appellant.

MARBLE, J. If the appellant is not aggrieved by the decree, his appeal must be dismissed, and he is not aggrieved unless he has some interest which will be concluded by the allowance of the will. P. L., c. 311, s. 1; *Worthen* v. *Railroad*, 77 N. H. 520; *Bennett* v. *Tuftonborough*, 72 N. H. 63, 64.

Under the earlier will, which would be in force if the appeal should be sustained, whatever sum remained in the hands of the trustee after the death of the testator's son would go to the son's heirs. *Clyde* v. *Lake*, 78 N. H. 322; *Rollins* v. *Merrill*, 70 N. H. 436; *Sawyer* v. *Banfield*, 55 N. H. 149.

"A contestant of a will must have some direct legal or equitable interest in the decedent's estate, in privity with him, whether as heir, purchaser, or beneficiary under another will, which would be destroyed or injuriously affected by the establishment of the contested will." *Braasch* v. *Worthington*, 191 Ala. 210, 213, 214.

The suggestion that the appellant's interest is direct, since the testator's son by reason of his incapacity must die intestate, is untenable. The interest which a person must possess to enable him to attack the validity of a will is such that if he prevails in the contest he will be entitled to a distributive share in the testator's estate. *Angell* v. *Groff*, 42 D. C. (App. Cas.), 198, 201. The contestant does not bring himself within this rule.

"Under statutes generally a proceeding to contest a will can be maintained only by a 'person interested' or by a person 'aggrieved' at the time the will is admitted to probate." *Crowell* v. *Davis*, 233 Mass. 136, 139. See *Storrs* v. *Hospital*, 180 Ill. 368. At the time of probate in the present case the testator's wife was still living. But the appellant is no better off if his interest at the time of contest controls. He is not a beneficiary under the former will, as was the case in *Morey* v. *Sohier*, 63 N. H. 507. Nor is he one of the testator's heirs. His status is merely that of heir presumptive to the testator's son, and it is the general rule that during the lifetime of the testator's heir, one who stands in the relation of heir to him has no interest as such to contest the will. *Braasch* v. *Worthington, supra; Angell* v. *Groff, supra; Taff* v. *Hosmer*, 14 Mich. 249; *Cornwell* v. *Cornwell*, 11 Hump. (Tenn.), 485, 487; L. R. A. 1918 A 456.

*Exception overruled.*

All concurred.