## Howard v. Ramsey.

(Decided Jan. 18, 1935.)

MARTIN T. KELLEY for appellant.

GOLDEN, LAY & GOLDEN and JAMES M. GILBERT for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment rendered by the Bell circuit court in favor of the plaintiff, America Ramsey, in her suit for an accounting brought against the appellant, John C. Howard.

The facts as disclosed by the record are that in August, 1900, Daniel Howard died intestate a resident of Bell County, Ky., and the owner of a large boundary of coal land situated therein. He left surviving him thirteen children, including in their number Dora Howard and the parties hereto, John C. Howard and America Ramsey.

Shortly following his death, these coal lands were divided among the heirs and a joint coal lease was made by them thereof, providing for the payment of certain royalties. Very soon several of the heirs, including the appellee, America Ramsey, disposed of their interest therein to some six of the others, including the appellant, John C. Howard, and their sister, Dora Howard.

Thereafter, Dora Howard, while yet unmarried, became ill and was by her sister, the appellee, America Ramsey, taken into her home and affectionately cared for and nursed as an invalid for several years. Apparently, in recognition of and gratitude for this generous service rendered her, she, while still a single woman, executed in June, 1920, the following testamentary writing, whereby she purported to bequeath and devise her property to the appellee:

"August 11, 1920: Dora Howard. This is my request to give America Ramsey my royalty check

every month in my name if I leave this world. Please give America everything for she is the one that had the trouble with me.

"Dora."

Some time after she made this will, she married David Jones, and, without making any later will, died in the early part of the year 1924 without issue and leaving her husband, David Jones, surviving her.

Thereafter this will was filed in the clerk's office of the Bell county court, where it laid over for thirty days for exceptions, when, none being filed, it was duly probated. Some doubt having arisen, previous to its probate, as to whether this will could be probated, by reason of the testatrix's marriage after its execution and the husband, David Jones, threatening to contest its probate, America Ramsey was advised by the appellant and other of the co-owners of the property to secure Jones' consent to its probate by purchasing his curtesy rights in his deased wife's interest in the property. Also, as a further inducement for her having the will probated, the appellant and others of the co-owners entered into written agreement with her, which recited that:

"We the undersigned, who are Brothers and Sisters of Dora Jones, whose maiden name was Dora Howard, by this writing approve the last Will and Testament of our Deceased Sister, and we agree that we will not oppose the will and we agree that our Sister, America Ramsey, shall take what interest our deceased sister had in the estate of our father. This April 2, 1924.

"[Signed:] John C. Howard [and certain others of the co-owners]."

In 1930, or some six years after the probating of this will, America Ramsey, with the other co-owners of this coal property, executed a new coal lease thereon, wherein the appellee's ownership of the deceased Dora Jones' interest was recognized and provision was made for payment to her, as such co-owner, of 10 per cent. of the royalties received thereunder. In 1932, the appellee, claiming that her brother, the appellant, John C. Howard, while acting as their agent and manager in collecting the royalties under the lease, for the past

several years had failed to account for or pay over to her her proportionate part thereof, brought this action in the Bell circuit court, seeking recovery of the several amounts claimed owing by the appellant, Howard, to her.

The appellant filed answer, denying the allegations of the petition, but not attacking the validity of the will or appellant's ownership thereunder of her sister Dora's interest in the property.

Following pleadings made up the issues and, as they presented a matter of complicated accounting, the case was transferred to equity, and referred to a special commissioner for hearing of proof and report. The commissioner filed his report, recommending the allowance to the appellee (plaintiff below) of the amounts sued for, but subject to certain credits claimed by the appellant as paid by him for appellee's benefit or as her proportionate part of expenses incurred and expended by him in litigation had for collection of the rents and protection of the jointly owned property.

Upon final submission of the cause upon the exceptions to the report and upon the whole case, the court adjudged that appellee's exceptions to the credits allowed appellant be sustained, but that the latter's exceptions to the commissioner's allowance of plaintiff's claims be overruled and accordingly adjudged plaintiff recovery of the amounts sued for, with interest and costs.

Complaining of this judgment, Howard has appealed.. His first and main contention urged for reversal of the judgment is that the court erred in its ruling because the alleged will under which the appellee claimed was void, or, if not void, that it was revoked by her marriage subsequent to her writing of the will; second, that the appellee had no cause of action against the appellant for moneys claimed voluntarily paid by the lessee to Howard, even if the alleged proportionate part of the paid royalties rightly belonged to the appellee; as her cause of action therefor, in such case, was against the lessee—not against the appellant; and third, that the court erred, when holding the appellant liable for the sums paid him, in not adjudging that appellee should contribute her proportionate part of the expenses incurred in the recovery of the jointly owned land and money.

Considering appellant's first contention, wherein he attempts to collaterally attack Dora Jones' probated will by contending that appellee acquired no interest thereunder in the property, upon the ground now urged, that the same was revoked by section 4832, Kentucky Statutes, by reason of the marriage of the testatrix after executing her will in favor of appellee: It is sufficient to say that the well-settled rule is that a will can only be probated by order of the county court, and that objection (except upon jurisdictional grounds) can only be made to its validity, after probate by such court, by an appeal therefrom to the circuit court within five years. Kentucky Statutes, sec. 4850.

It is admitted that the appellant, after assisting, advising, and by writing agreeing to the probate of this testamentary writing, executed by Dora Jones as her true and last will, has at no time since its probate in 1924, or for a period of more than five years, undertaken to set aside its probate in the one way available for its alleged invalidity, which is by appeal therefrom to the circuit court.

While the facts attending the probaton of this will in 1924 and the appellant's conduct and participation therein might be considered as constituting an estoppel of appellant from attempting to contest by appeal the probation of the will, it is not here necessary, nor do we decide such question, for the reason that appellant is now clearly barred from the right to raise the question of the claimed invalidity of the will or its illegal probate by reason of his having failed to appeal from its probate within the time by the statute allowed. Also our statute, section 4852, further provides that, when a will is probated before such court, such probate "shall be conclusive, except as to the jurisdiction of the court, until the same is superseded, reversed or annulled." Moore v. Shifflett, 208 Ky. 461, 271 S. W. 551; Patton v. Sallee, 159 Ky. 285, 166 S. W. 1004; Mitchell v. Holder, 8 Bush, 362; Reed v. Reed, 91 Ky. 267, 15 S. W. 525, 12 Ky. Law Rep. 867, 11 L. R. A. 513.

As to appellant's second contention, we find the same to be without merit, in that it is clear that, if the appellant was permitted, as he was, to exercise the right to collect from the lessee all coal royalties provided for under the lease as the appellee's agent and failed to account to appellee for her proportionate part

thereof, he was not under such facts in a position to successfully contend, as against the appellee for whom he acted, that the lessee acted as a volunteer in paying appellee's royalties to him, and that her cause of action for their recovery was therefore against the lessee rather than against himself, even while withholding the royalties collected under color of such agency for her.

Next considering appellant's final ground advanced for reversal of the judgment, that the court erred in failing to allow him credits against the appellee for her proportionate part of the expenses incurred and paid by him in looking after the property and the collection of its rents: It is sufficient to say that the learned chancellor's finding, that credit for such expenditures, claimed by the appellant, had already been received by him, out of funds collected and received by him as owner and agent, was supported by substantial evidence, even if not the preponderance of it, for which reason, under the applicable and customary rule, even were we left in doubt as to the propriety of the chancellor's finding, we would not feel authorized to disturb it.

For the reasons indicated, we perceive no prejudicial error committed by the chancellor in his hearing and determination of this cause.

Therefore the judgment is affirmed.