# Rogers v. Leahy et al.

Nov. 30, 1943.

Newton Belcher for appellant.

T. O. Jones for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

On November 28, 1940, Thomas L. Leahy and wife, Eula D. Leahy, executed a contract by which they agreed to sell to the appellant, J. L. Rogers, trustee, the minerals in and under certain tracts of land in Muhlenberg County upon payment of a stipulated sum. Before the contract was performed Thomas L. Leahy died. An instrument of writing purporting to be his last will was probated as such by the County Court of Muhlenberg County, of which he was a resident at the time of his decease. The purported will was typewritten, and signed by the testator, but was attested by one subscribing witness only. By the terms of the writing Mr. Leahy attempted to devise to his widow all of his real estate. In pursuance of the contract of sale, the widow tendered to appellant a deed executed and acknowledged by her as devisee under the will. Conceiving that the will was not in sufficient form to be admitted for probate, appellant refused to accept the deed. Whereupon Mrs. Leahy caused to be executed and acknowledged by Mr. Leahy's other heirs at law an instrument of writing, wherein the heirs agreed that the order probating the will might stand, and the will be given full force and effect, and that they would not contest its probate nor appeal from the order of probate. This instrument was recorded in the Muhlenberg County Court, and Mrs. Leahy again tendered her deed for the property. Appellant again refused to accept the deed, questioning the title to the property purported to be conveyed thereby. He thereupon filed this action against Mrs. Leahy and Mr. Leahy's heirs and their spouses, asking the court to require the defendants to perform

specifically the contract entered into by their ancestor and Mrs. Leahy. Many of the heirs were before the court on constructive process. The Chancellor entered judgment pronouncing the deed tendered by Mrs. Leahy to be valid and to convey good title to the property, thus giving full force and effect to the order probating the will and the instrument executed by the heirs by which they agreed that they would not contest the will or appeal from the order probating it. The judgment further directed the Master Commissioner of the court to execute a deed on behalf of the heirs and the appellee, Eula D. Leahy, conveying the property to the appellant. From that decree this appeal has been prosecuted. It is claimed that the court erred in adjudging title to the property to be in Mrs. Leahy and that the deed executed and acknowledged by her alone conveyed good title.

It is first contended that, since the will was typewritten, and contained the signature of only one subscribing witness, it was not a will and therefore not the subject of probate, and that both the purported will and the order probating it are void. That, if wrong in that contention, since the order of probate can be appealed from by interested parties within five years after its entry, the title purported to be conveyed by the deed tendered is not presently good, because it is subject to defeat should one of the interested parties decide to appeal from the order of probate. In this connection it is pointed out that the husbands of four of the heirs did not sign the writing waiving their right to appeal from the order of probate; and, because of their inchoate right of curtesy in the property, they are parties of interest, entitling them to contest the will, which they may do within the five year period of limitation; and since that time has not expired, the deed executed by Mrs. Leahy alone does not pass good title to the property.

KRS 394.130 recites: "No will shall be received in evidence until it has been allowed and admitted to record by a county court; and its probate before such court shall be conclusive, except as to the jurisdiction of the court, until superseded, reversed or annulled."

The above statute gives exclusive jurisdiction to the county court to determine whether an instrument purporting to be a will complies with the legal requirements

for probate. To determine whether an instrument may be probated as a will, it is necessary for the court having jurisdiction of the parties and the subject matter to decide whether the testator had testamentary capacity at the time he executed the will, and whether the will is valid as to the manner and form in which it was executed. The court having jurisdiction of the question of the validity of the manner and form of execution of a will, does not have exclusive jurisdiction to determine the validity of the provisions of a will; nor does the court having exclusive jurisdiction to probate a will have the exclusive jurisdiction to determine the question of its jurisdiction, because the statute recited above specifically provides that that question may be inquired into in a collateral proceeding. But, since the manner and form of execution of the will, and the testamentary capacity of the testator, are questions which must be determined by the county court before it probates a will, and since the statute, supra, provides that a will's probate before the county court shall be conclusive except as to the jurisdiction of the court, neither the Circuit Court nor the Court of Appeals has jurisdiction to determine in a collateral proceeding the question of whether the will is void. A court has either original or appellate jurisdiction. If its jurisdiction is confined to a determination of questions on appeal, it has no authority to determine the question in an action originally instituted in it. We are cognizant of the ruling in Gregory v. Oates, 92 Ky. 532, 18 S. W. 231, which declared a will to be void in a collateral proceeding, although it had been probated by the county court. But we believe the decision in that case to be unsound in the light of the statute above quoted.

It is not contended that the heirs cannot waive their right to appeal from the order of probate. If title is accepted upon the faith of such waiver, the heirs would be estopped to deny the validity of the will. That being true, but one question remains: Has the husband of an heir such an interest in the property by reason of his inchoate right of curtesy as enables him to contest the will or appeal from the order of probate.

So far as we have been able to ascertain, this precise question has not heretofore been presented to this court. But the vast weight of authority is to the effect that neither a wife nor husband can contest the will of the other's relative while the other is living and declines

to do so, because the interest one must possess to attack the validity of a will is such that, if he prevails, he will be entitled to a distributive share in the testator's estate. Cain v. Burger, 219 Ala. 10, 121 So. 17; Swan v. Bailey, 84 N. H. 73, 146 A. 89; In re Blazej's Estate, 175 Misc. 283, 23 N. Y. S. (2d) 388; In re Heidinger's Will, 241 App. Div. 733, 269 N. Y. S. 831; In re Duffy's Estate, 228 Iowa 426, 292 N. W. 165, 128 A. L. R. 943; Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S. W. (2d) 935, 135 A. L. R. 316; Wilson v. Bell, 315 Ill. App. 418, 43 N. E. (2d) 162. While the inchoate right of dower and the inchoate right of curtesy vest upon the death of the ancestor, the right to enjoy the interest' vested may never come into existence, and does not entitle the owner of such an interest to a distributive share of the estate upon the mere death of the testator. It is a mere expectancy contingent upon survivorship, and while it may be an interest which will be protected from fraud, it is not such an interest in land as will entitle one to contest a will. There is no intimation that the names of the heirs were subscribed to the instrument under consideration for the purpose of perpetrating a fraud upon either of their husbands; therefore, it is unnecessary that the husbands enter into the agreement waiving the right to appeal from the order of probate of the County Judge. That being true, Mrs. Leahy is vested with the legal title to the property, and her deed properly executed and acknowledged is sufficient to pass good title.

Since the views hereinabove expressed render moot the questions raised in respect to the validity of the deed executed by the Master Commissioner under the judgment appealed from, it is unnecessary for us to extend the opinion by a discussion of these questions.

The judgment is affirmed.