## Hensley et al. v. O'Forest et al.

October 31, 1950.

M. L. Blackwell, Judge.

Wm. L. Sullivan for appellants.

Wm. G. Craig for appellees.

VAN SANT, COMMISSIONER—Affirming.

The action was brought by appellants to quiet their alleged fee simple title to an undivided one-half interest in certain parcels of real estate situate in Henderson County. Appellants are husband and wife and appellees are their four infant children and the husband of one of them. Appellants claim title through descent from Mrs. Hensley's father, T. D. Alexander; her chil-

dren claim through an instrument of writing which was probated as T. D. Alexander's will. The principal question for our determination is whether appellants may attack collaterally the order of probate which was entered February 27, 1936, almost fourteen years before the commencement of this action. In order that appellants' contention the better may be understood, we will copy the order of probate in full. It follows:

"Re:                              Order
T. D. Alexander          .        Entered: Feb. 27, 1936 re-
Deceased                          corded; Order Book 5 Hen-
                                  derson County Court Clerks
                                  Office

\*          \*          \*          \*          \*

In The Matter Of The Last Will And
Testament Of T. D. Alexander,
Deceased.

"A paper purporting to be the last will and testament of T. D. Alexander having been presented to the Court on Monday, February 24, 1936, the same being the regular session of the Henderson County Court, and the same having been continued to this date; now, this day came Dr. Shirley Dare Alexander and Mrs. Mary Katherine Hensley, children of the said decedent, T. D. Alexander, and C. A. Goehring, all of whom upon oath stated that the whole of said paper, including the signature thereto, is in the handwriting of the said T. D. Alexander, deceased, and it appearing to the Court that said paper was not properly signed by the said decedent; now this day came the said Dr. Shirley Dare Alexander and Mrs. Mary Katherine Hensley, children and only children, heirs and only heirs at law of said T. D. Alexander, deceased, and filed in this Court a writing by which they accept the provisions of said will as if same had been properly executed and agree to be bound by the provisions thereof, which said instrument of writing is in words and figures as follows, to-wit:

"We, the undersigned, Shirley Dare. Alexander and Mary Katherine Hensley, being the children and only children, hiers and only hiers at law of T. D. Alexander, deceased, he being a widower at the time of his death, do hereby agree and consent that the instrument of writing bearing date, the 18th day of July,

1933, and purporting to be the last will and testament of the said T. D. Alexander, may be probated by the Henderson County Court as and for the last will and testament of said decedent, and knowing the same to be the intent and purpose of said decedent in the disposition of his property, do hereby agree and bind ourselves that the same, when probated, shall in all respects have the force and effect as if the same had been properly executed by him as his said last will and testament, and we hereby bind ourselves by the provisions thereof.

"We further waive and relinquish our right to qualify as the administrator of his estate, and request the Court to appoint J. Lacey Overby, of Henderson County, Kentucky, as administrator of same with will annexed.

"In Testimony Whereof, we have hereunto set our hands, this the 27th day of February, 1936. Witnessed the signatures:

"Dr. Shirley Dare Alexander
"Mary Katherine Hensley
"B. S. Morris
"Louise Phillips"

"It is now considered and adjudged by the Court that said paper or instrument is the true last will and testament of the said T. D. Alexander, deceased, and the same is now admitted to probate and ordered to record.

"It appearing from the provisions of the agreement in writing signed by Dr. Shirley Dare Alexander and Mary Katherine Hensley that they and each of them waive their right to qualify as administrators with the will annexed of the said T. D. Alexander, deceased, and request the appointment of L. Lacey Overby of Henderson County, Kentucky, as administrator of said estate with the will annexed.

"It is now ordered that the said J. Lacey Overby be, and he is hereby appointed as such administrator with the will annexed of the said T. D. Alexander, deceased.

"Thereupon appeared the said J. Lacey Overby and qualified as such administrator with the will annexed by taking the oath as prescribed by law and exe-

cuting bond in the sum of five thousand dollars ($5,000) with London & Lancashire Indemnity Company of America as surety thereon, which bond is now approved and accepted by the Court.

"It is further ordered that Richard Crafton, C. L. Wilson, and Lee Busby, all of Henderson County, Kentucky, be and they are hereby appointed appraisers of the estate of the said T. D. Alexander, deceased.

/s/ R. F. Crafton
Judge''

Appellants concede that the order of probate of a will, if merely erroneous, must be appealed from in five years after it has been entered, KRS 394.240, but contend that the order quoted above is void and may be attacked collaterally at any time. On the other hand it is conceded that if the order is void, appellants have the right to attack it in this suit, but it is contended by appellees that the order merely is erroneous, consequently cannot be attacked collaterally. Appellees further contend that the order was entered by agreement and at the request of appellant, Mary Catherine Hensley, on which account she and her husband now are estopped to deny its validity. Appellants counter the second contention with the argument that appellant's husband, having an inchoate right of dower, is not bound by any agreement of his wife's but is entitled in his own right to have the order of probate declared void.

The objection to the will is that the testator failed to subscribe his name at the end of the writing as required by KRS 394.040 and 446.060.

Appellants rely solely on a decision of the Alabama Supreme Court, Blacksher Co. v. Northrop, 176 Ala. 190, 57 So. 743, 745, 42 L.R.A.,N.S., 454, 459, 460, wherein it was held that a decree which affirmatively showed on its face, and in fact recited, that it lacked the number of witnesses required by Statute for probate was void. The theory underlying that decision is that the jurisdiction of a probate court is "confined to (declarations in respect to) instruments which purport to be wills,'' and such courts cannot be resorted to for the purpose of making something out of nothing. One of the five sitting judges filed a strong dissent wherein he expressed the view that a recital in an order of probate which

shows the statute in respect to the execution of wills was violated did not and could not defeat the jurisdiction of the court over the subject matter; it merely showed that the probate court "egregiously erred" in probating the instrument.

Insofar as pertinent to our question KRS 25.110, 394.130, and 394.140 read: KRS 25.110. "The county court has jurisdiction to probate wills, * * *." KRS 394.130. "No will shall be received in evidence until it has been allowed and admitted to record by a county court; and its probate before such court shall be conclusive, *except as to the jurisdiction of the court,* until superseded, reversed or annulled." (Our emphasis.) KRS 394.140. "Wills shall be proved before, and admitted to record by, the county court of the testator's residence; * * *."

In construing KRS 25.110 this Court has declared that the county court has exclusive jurisdiction of probate of wills. Goss' Ex'r v. Kentucky Refining Co., 137 Ky. 398, 125 S.W. 1061, 1063. In Howard v. Ramsey, 257 Ky. 704, 78 S.W.2d 16, the court held that a will can only be probated by order of the county court, and that objection to its validity, except upon jurisdictional grounds, can be made only by appeal from the order of probate to the circuit court within five years. In Miller v. Swan & Brown, 10 Ky.Law Rep. 1015, discussing orders probating wills, the court said: "A judgment (probating a will) can be disregarded or attacked by a collateral proceeding only when void for want of jurisdiction."

In Ellison v. Smoot's Adm'r et al., 286 Ky. 768, 151 S.W.2d 1017, 1020, the county court probated a will giving testamentary effect to a mere expression of desire in respect to the disposition of the remainder interest in the testatrix's estate. The court remarked that such expression of desire was ineffective as a bequest after the termination of the condition, but refused to disturb the order of probate in the collateral proceeding. The author of the opinion said: "While at first blush it may seem that if an instrument is ineffective as a lawful will or void as such no court has authority or jurisdiction to probate it, it is not to be overlooked that that is the very power and authority given the county court, namely, to decide whether it is a will or

not a will. Stewart v. Sampson, 285 Ky. 447, 148 S.W. 2d 278. Jurisdiction to determine the question is different if the decedent was not a resident of the county. In such a case the order of probate may be questioned collaterally; otherwise, it is conclusive the same not having been superseded, reversed or annulled."

In Rogers v. Leahy, 296 Ky. 44, 176 S.W.2d 93, 95, 149 A.L.R. 1267, the facts were identical with those in Blacksher Co. v. Northrop, supra, 176 Ala. 190, 57 So. 743, 42 L.R.A.,N.S., 454; the will was typewritten and contained the signature of but one subscribing witness. In refusing to sanction a collateral attack on the order of probate we said: "The above statute (KRS 394.130) gives exclusive jurisdiction to the county court to determine whether an instrument purporting to be a will complies with the legal requirements for probate. To determine whether an instrument may be probated as a will, it is necessary for the court having jurisdiction of the parties and the subject matter to decide whether the testator had testamentary capacity at the time he executed the will, and whether the will is valid as to the manner and form in which it was executed. The court having jurisdiction of the question of the validity of the manner and form of execution of a will does not have exclusive jurisdiction to determine the validity of the provisions of a will; nor does the court having exclusive jurisdiction to probate a will have the exclusive jurisdiction to determine the question of its jurisdiction, because the statute recited above specifically provides that that question may be inquired into in a collateral proceeding. But, since the manner and form of execution of the will, and the testamentary capacity of the testator, are questions which must be determined by the county court before it probates a will, and since the statute, supra, provides that a will's probate before the county court shall be conclusive except as to the jurisdiction of the court, neither the Circuit Court nor the Court of Appeals has jurisdiction to determine in a collateral proceeding the question of whether the will is void (except on jurisdictional grounds)."

Thus our decisions uniformly hold that an order of probate, insofar as it determines the manner and form of execution of a will, is not subject to collateral attack. These decisions have been controlled by the

statute. That the county court erred in admitting the will to probate, and that such error is flagrant, patent, and shocking and was known to the judge at the time of entering the order, are matters which do not rob the court of its jurisdiction in the absence of a charge and showing of fraud. It would not be difficult to find decisions of this and other courts reversing judgments of circuit courts which were as flagrantly and patently erroneous as the order admitting Mr. Alexander's will to probate; nevertheless, such judgments, unappealed from, would have had conclusive effect in respect to the matters upon which they erroneously pronounced. We are of the opinion that the order complained of is erroneous and would have been reversible had an appeal been timely taken, but that it is not void, for which reason it cannot be collaterally attacked.

The judgment is affirmed.