Burton MORELAND, Petitioner,

v.

Hon. Blakey HELM, Judge, Chancery Branch
Third Division Jefferson Circuit
Court, et al., Respondents.

Court of Appeals of Kentucky.

Oct. 6, 1961.

Bruce R. Hamilton, La Grange, for petitioner.

D. L. Frederick, Louisville, for Flora Mae Moreland.

PALMORE, Judge.

Burton Moreland petitions this court to prohibit Hon. Blakey Helm, one of the judges of the Jefferson Circuit Court, from proceeding to hear and determine a divorce action brought against him in that court by Flora Mae Moreland, who also is made a respondent.

The remedy of prohibition does not lie against one who neither possesses nor proposes to exercise a judicial or quasi-judicial function. Brents v. Burnett, 1943, 295 Ky. 337, 174 S.W.2d 521; 73 C.J.S. Prohibition § 6, pp. 21–22; 42 Am. Jur. 156 (Prohibition, § 17). Cf. annotation, 159 A.L.R. 627, 628. The respondent Flora Mae Moreland, whose only role is that of a litigant in the proceeding sought to be halted, is not a proper party.

The claim against Judge Helm is that the Morelands were never legally married and that hence the circuit court has no jurisdiction to entertain a divorce action between them. On appropriate pleadings and after receiving evidence on this particular defense Judge Helm filed a written opinion concluding that the parties were validly married and indicating his intention to enter an order to that effect and proceed accordingly. The circuit court record is before us and we are asked to decide this issue on its merits.

That the plaintiff and defendant are married is neither more nor less than one of the necessary elements of any

cause of action for divorce. As such, it is no more jurisdictional than is the existence of the particular grounds on which it is alleged that the divorce should be granted. It is the same as if this were a suit on contract and the defendant denied the existence of such a contract, or a will probate proceeding in which the validity of the will were questioned. See, for example, Hensley v. O'Forest, 1950, 313 Ky. 789, 233 S.W.2d 996.

"Objections relating to the cause of action * * * differ in no essential respect from other nonjurisdictional matters. It is imperative, of course, that the cause of action presented to the court for its determination fall within a class over which it may rightly exercise jurisdiction. But jurisdiction does not depend upon the existence or validity of the cause of action. * * * If the court has the requisite power over the subject matter and the parties nothing further is required. The debt or claim upon which the action is based may not be a natural or subsisting one but that does not defeat jurisdiction nor invalidate the judgment founded thereon." Freeman on Judgments, Vol. 1, § 363, p. 757.

In another opinion handed down today, Burke v. Tartar, Ky., 350 S.W.2d 146, we discussed the propriety of prohibition as a remedy to test nonjurisdictional questions in a divorce case. See also Rowley v. Lampe, Ky.1960, 331 S.W.2d 887, 888, and Wiglesworth v. Wright, Ky. 1954, 269 S.W.2d 263, 266. It was concluded that it is an appropriate procedure for the purpose of settling venue. Burke v. Tartar, supra. Though in both the Rowley and Wiglesworth cases nonjurisdictional questions not involving venue were considered on the merits, in order to prevent the indiscriminate use of prohibition as a substitute for appeal sound discretion requires that in such cases the remedy be restricted to potential errors of an extraordinary nature. The question in this case may be rather unusual, but it

is of ordinary gravity. An incorrect ruling on it will be no more harmful to the petitioner than would an incorrect judgment on the grounds for divorce. And even though an erroneous divorce decree cannot be reversed on appeal, whether it is in fact erroneous may be considered on review of the other aspects of the judgment. McQueen v. McQueen, Ky.1956, 294 S.W.2d 75.

We are therefore of the opinion that this is not a proper case for the remedy of prohibition.

The temporary order is dissolved and prohibition denied.