RENDERED:  SEPTEMBER 22, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1204-MR

GLEN R. HALL, II                                                    APPELLANT


APPEAL FROM WHITLEY CIRCUIT COURT
v.        HONORABLE TERESA WHITAKER, SPECIAL JUDGE
ACTION NO. 19-CI-00601


MELINDA O. HALL,
INDIVIDUALLY AND AS
EXECUTRIX OF THE ESTATE OF
GLEN R. HALL; ESTATE OF GLEN
R. HALL; ESTATE OF GLENNA M.
WOODS; JEFFREY K. HILL, IN HIS
CAPACITY AS THE PUBLIC
ADMINISTRATOR OF THE ESTATE
OF GLENNA M. WOODS; AND
TRISTAN J. HALL                                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

THOMPSON, CHIEF JUDGE:  Glen R. Hall, II ("Appellant") appeals from an

order of the Whitley Circuit Court granting the Kentucky Rules of Civil Procedure

("CR") 12.02 motion of Melinda O. Hall, *et al.* ("Appellees") to dismiss Appellant's action. Appellant also appeals from an order denying his motion to alter, amend, or vacate the order granting CR 12.02 relief. He argues that the circuit court erred in concluding that he lacked standing to challenge his grandmother's will. After careful review, we find no error and affirm the order on appeal.[1]

## FACTS AND PROCEDURAL HISTORY

In 1992, Glenna Mae Woods ("Ms. Woods") executed a will referred to in the record as "the old will." This will devised her estate equally between her son, Glen Ray Hall ("Mr. Hall"), and her stepdaughter, Patsy Perkins. In 2019, Ms. Woods executed another will ("the new will"), which designated Mr. Hall as the sole beneficiary.

Ms. Woods died about 10 days after the new will was executed in 2019. Mr. Hall served as executor of his mother's estate until his death, at which time a third party was appointed as public administrator. Mr. Hall's wife, Melinda Hall ("Ms. Hall"), was executrix of his estate.

---

[1] In his Amended Notice of Appeal, Appellant appeals from both the order granting CR 12.02 relief, and from the order denying his CR 59.05 motion to alter, vacate, or set aside the order of summary judgment. Orders denying CR 59.05 motions "are interlocutory, *i.e.*, non-final and non-appealable and cannot be made so by including the finality recitations." *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 103 (Ky. App. 2011) (footnote omitted). Accordingly, we will address only the order granting Appellees' CR 12.02 motion.

Appellant is the son of Mr. Hall. On December 3, 2019, Appellant filed the instant action in Whitley Circuit Court to contest the validity of the new will. He argued that Ms. Woods did not have the mental capacity to execute the new will and that she was under undue influence. He also asserted that Ms. Woods had executed a third will, referred to in the record as "the lost will," which devised her estate to Appellant and his brother, Tristan Hall. Appellant alleged that his father destroyed the lost will prior to the death of Ms. Woods. Appellant, however, was not able to produce either the original lost will, nor any copy thereof. He did produce affidavits in support of his claim.

After discovery was conducted, Ms. Hall filed a CR 12.02 motion to dismiss Appellant's action. In support of the motion, she argued that the circuit court lacked subject matter jurisdiction, and that Appellant had no standing because he was not a beneficiary of either the old or new wills. On September 6, 2022, the Whitley Circuit Court rendered an order granting the motion. The court found in relevant part that though it had jurisdiction over the proceeding, Appellant lacked standing because he could not demonstrate that he would benefit even if the new will were found to be invalid. Appellant's motion to alter, amend, or vacate was denied, and this appeal followed.

## STANDARD OF REVIEW

A CR 12.02 motion to dismiss is a pure question of law; therefore, an appellate court reviews the issue *de novo*. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).

## ARGUMENTS AND ANALYSIS

Appellant, through counsel, argues that the Whitley Circuit Court erred in granting Ms. Hall's motion to dismiss. He first directs our attention to the difference between a court's jurisdiction to adjudicate the type of case before it and a plaintiff's standing to prosecute such an action. He asserts that since the Whitley Circuit Court has jurisdiction to adjudicate an action contesting a will, it necessarily follows that he must have standing to vindicate that right. The focus of his argument is that the circuit court improperly determined that he had no standing to prosecute his action against the Appellees, and that CR 12.02 relief in favor of Appellees was improper.

The Whitley Circuit Court expressly determined that it had jurisdiction to hear and adjudicate Appellant's action challenging the validity of the new will. This conclusion is supported by the Kentucky Constitution and the statutory law, which grant the circuit courts general jurisdiction not vested in

another court.[2]  While district courts have exclusive jurisdiction over probate proceedings, adversary proceedings fall within the jurisdiction of the circuit courts. KRS 24A.120(2).  The Whitley Circuit Court properly so ruled.

The question then becomes whether the circuit court correctly determined that Appellant lacked standing to maintain an action contesting the new will.  After closely examining the record and the law, we find no error in the circuit court's conclusion that Appellant lacked standing to challenge the new will.  The circuit court properly applied the doctrine of testatorial absolutism to Appellant's claim.  This doctrine holds that a citizen of the Commonwealth may freely dispose of his or her estate assets via a valid will, and that such disposition "is zealously guarded by the courts and will not be disturbed based on remote or speculative evidence." *Bye v. Mattingly*, 975 S.W.2d 451, 455 (Ky. 1998) (citation omitted).

Appellant's claim is properly characterized as speculative per *Bye*.  In order to have standing to challenge the validity of the new will, Appellant must first demonstrate that he would be entitled to a distributive share if the new will were found not to be valid.  *See Rogers v. Leahy*, 296 Ky. 44, 48, 176 S.W.2d 93, 95 (1943) (citations omitted).  Appellant cannot prove such entitlement because he cannot produce the lost will; the persons he claims executed the lost will and

---

[2] *See* KY. CONST. § 109; KY. CONST. § 112(5); Kentucky Revised Statutes ("KRS") 23A.010; and, *Gordon v. NKC Hospitals, Inc.*, 887 S.W.2d 360, 362 (Ky. 1994).

subsequently destroyed it are deceased; and, the old will does not designate him as a beneficiary. Thus, even if Appellant could demonstrate that Ms. Woods lacked the mental capacity to execute the new will or that she signed it under undue influence, he could not recover. "In order to confer standing, an injury cannot be speculative but instead must be direct and imminent." *Kentucky Unemployment Insurance Commission v. Nichols*, 635 S.W.3d 46, 50 (Ky. 2021) (footnote and citation omitted). Because Appellant cannot produce the lost will, he cannot prove that the new will directly and imminently injures him.

## CONCLUSION

Per *Bye*, *supra*, the circuit court zealously guarded the known, probated will of Ms. Woods, and properly refused to go beyond the facts of record and act on remote or speculative evidence. We find no error. For these reasons, we affirm the Whitley Circuit Court's order granting CR 12.02 relief.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Larry E. Conley
Corbin, Kentucky

BRIEF FOR APPELLEE MELINDA
O. HALL:

Brittany N. Riley
London, Kentucky