OPINION of the Court, by
Judge Logan.
— This :; is a suit in chancery, brought for the purpose of setting aside a contract entered into in October, 1782, between appe{jant aac| John May, relative to their claims under adversary titles to land.
If the parties «ndeitand the farts, ■*« — — of i.w ⅛*-⅛ faufe Taylor vs, Pa* U!,k> TOl- »»
plated i, t.!i. tained through fraud or grofs and palpable millake, equity will relieve, aA^nvey-anee of i grm-'yorlefsquan-tity of lana than wa9 contera»
A furplus of 22 acres in 400, is no evidence of fM0<i t or "miftake" and no ground <or. reIlet m tits Í70,
It will be unnecessary to notice the situation of the '•ther defendants in the cause, until we hace first ex-omined the complainant’s equity against May ; because thee claim under May, and if the agreement was .oblige torv between the parties, a fortiori, it will be so as to chasers holding under the faith of that agreement; they may stand on better ground than Mav did, but not oa worse : for thev combine his equity with the legal trans- £ r. 5 ’ , . i & U'r Afterwards made to them. ,
The parties claiming under settlement and pre-emp-Con rights, which had been located, and Fisher’s §ur-ce with the location the laims, entered into a compromise, whereby Fisher ‘ ■ vcveti, so as to produce an uu of the other, and a consequent dispute between agreed on his part to give up 400 acres, and Mav that he would not survey Isaac’s settlement and pre-emption, under which be claimed, so as to interfere with Fisher’s ; and to dismiss the caveat he bad caused to be entered against the emanation of a grant to Fisher.
In the ie year 1786, Fisher, the appellant, executed a deed of conveyance for 400 acres, in virtue of said agreement, to Samuel M’Dowell, who had purchased l'rom Mav. The complainant alleges fraud in obtaining ' t t. r ° * , ^ tne compromise, ana prays rehei a gainst it, on the ground that his was the superior right ; but that May had induced him to believe, from his address, representations and false suggestions, that there would be a considerable interference between the claims, and that Isaac’s was of superior legal validity.
This is certainly no ground for relief. There can be but one superior and equitable right. If therefore the solemn compromise of the parties about property of doubtful title, is made to depend on the question whether the parties have so settled the dispute as the law would have done, then it mav be truly said that a corn-promise is an unavailing, idle act, which questions even the power of the parties to bind themselves.
In the present case, both parties had claims to the same ¡and, claims ton of doubt even at this day, if thev were now presented under their locations and survey as they stood ‘m October, 1782. Compromises of disputed property are in ail cases desirable ; but especially of land, on which the quiet, peace and subsistence of the citizens of a country so essentially depend j and ’ *450 it is the ■. - buy of courts of justice to cvu-h and supp.cl taw* i , where they are not intermingled * with fraud. *'
f But fraud can never be imputed, where mere opiló-on, calculation and deduction, shall consiitute'the cs-ei:-tial ground for imputing it./ Where the partita ate possessed of the premises on which they lorn: t!n it bargain, or there is neither the suggestion offalsi t. >rut\ nor the suppression of the truth, by either in turnudu.,,; the basis of the contract, fraud can seldom be imputed,
In' this case, the existence and locations of both claims must be presumed to have been known to both parties, not only because they were of record, but bc-cause the contract is predicated on that knowledge, A- d wit- do ow or i.,-. other part) understood the law < í *¡,c c,o-- mor.' y,,11■ out than the other,cannotb" mi t.-ii.tl 10 v-diou.r i f ilu b.rgain. For if it were, lit n i‘, vo wifi that f- ,t<arm by the parties, sett it •, tiica o’." b . w's 1,0111.' >. last be made to stand o, ; f!, a soldi-. ■ t > the o;Ur; ui of the appellate coitu I low dm Luv wonut h at <’ d< to mint d it,
II, h •.* ,-tea. th. esc bog.ie us turned on the question, .vie inec ¡i -c was -ooni far doubt relative to the "u hr, and tl• ¡ii\ oí those claims, as to ,. 11 of i. do.!'! 1 h\ Bruit’, and how much, it is in-lie'-, t do- i a.'*, w nnkl a.,, be a good one for the complainant.
But ir " i is dd" ;o'b b-'cauan May represented lh.it a nivtaf v \s >L t b-.sr ma.ii.i'( the emanation <*í a patent to the w :t,]'L a >n% whom in uudi it had cither been íü.m.i'S., i, or y o' held ;>)<-;;ffvic!it f¡um the fiisl. The eon','..(t ! ■ 1 'V ■< u ihe ties dm s not seem to Iiavc been jimirla Í mi oaiv on the supposed existence of a caveat, but nrincipallv tor the purpose of quieting their rights, and ptsUmu .at e. 1 ,, . !'■ con rovei ,\ between their cl;*!,’.-, ; .aid Bn. , c > (’usaiu, ft I iv covenants to d; ..,i ,u i.i- \t íi,i ! ! , entered ; a stipulation, v, » a. hi. m, hi puf* bop ] a i f, oí the agreement, v i u4 o . ms,, V i " ; But the existence oi t,:< ⅛. i ■ i . • , ' i i su.o.iS'-, did not de-je n 1 . i di do f , o m S' • i o m *. ft court of chan-cot u. ‘ 1 i - b i : ■ Í ; > whi i the caveat had be-ntd-a'i w<[ ibr im pdw , ,; ihadversary claim perhaps endangered thereby.
*451 The it”tr hovw'Vv-r ⅛ T - ww s- i-m 1,, Ty T t . c.v vest h.ui bt-n cnt-r i o f • . • <lvfi ;¡g ir.,; the 1 'u-mg oi grams m id-’. , a- .■:;!>■ as dm ⅛4⅛ < f ugn.t, IT 82 , s ..t iv.n.’;i'. , > ,ui ; ¡'elect in it, a patent issued to Fisher, on the first oí September following, end the agreement to compromise was made on the 1st of October. These facts are satisfactory in repelling the idea of fraud on this ground.
It is next relied on by the complainant as a ground >r relief, that those holding under May and Isaacs have procured the complement oí land elsewhere.
It seems that long after the compromise aforesaid, Isaac's pre-emption was amended, and in part withdrawn and entered on other land ; but surely this is no good objection with the complainant; it has not been made to interfere with him ; whether it holds laud, how much, and of what quality or value, can by no operation be made to affect the contract. By that contract the complainant purchased the peace and safety of his claim against Isaac’s, and that appears to have been the leading consideration with him. But the bill goes, moreover, for twenty-two acres of surplus land contained in the deed from the complainant under the compromise, or for its value. '
It has been decided by this court, that “ if through fraud, or gross and palpable mistake, more or less land should be conveved than was in the contemplation of the seller to part with, or the purchaser to receive, tfe injured party would be entitled to relief in like maniler as he would be for an injury produced by a similar cause in a contract of any other species.”
in this case, the inference of either fraud or gross and palpable mistake in the conveyance, is unwarranted, Twentt -two acres of surplus, in the conveyance of 400 acres in the year 178(3, is believed no very unusual thing; and were old conveyances permitted to be called in question lor such cause, no doubt it would open another scene of contention about land, the pernicious» effect of which is almost incalculable.
Decree of the general court must be affirmed, with costs. ⅜?