## Vanhoose, et al. v. Fairchild, et al.

(Decided December 6, 1911.)

### Appeal from Johnson Circuit Court.

1. Land—Title to—Fraudulent Erasure of Grantee's Name from Deed—Insertion of that of Another.—In an action alleging that the name of the grantee in a deed was fraudulently erased and that of his son entered instead of it, the evidence supporting such allegation, the court properly reformed the deed so that the proper owners might be given possession of the land.

2. Same—Purchaser Under Such Deed—That Purchaser Paid Value and Had No Notice Not Material.—Where no title, legal or equitable, passed by a conveyance to the purchaser, for the reason that the title was in another person than the vendor, the fact that the purchaser paid value and had no notice is immaterial.

C. B. WHEELER for appellant.

WELLS & WELLS for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action involves the title to a small tract of land in Johnson County, which appellees, the widow and certain of the children of Abner Fairchild, deceased, claim to own. Their petition as finally amended charged that Abner Fairchild by purchase and deed from the appellant, C. B. Vanhoose, acquired title to the land in controversy in 1895; that at the grantee's death it descended under the statute to his children, subject to his widow's dower therein, but that the deed, though duly acknowledged by the grantor and delivered to the grantee, had not been put to record by the latter; and that after his death it was fraudulently changed by the erasure therefrom of the name of the grantee, Abner Fairchild, and the insertion therein of that of his son, the appellant, Frank Fairchild, as grantee, following which fraudulent change, the latter pretended to sell, and by deed convey, the land to the appellant, George W. Vanhoose, both deeds being put to record at the same time.

It was alleged in the petition that the change in the deed from C. B. Vanhoose to Abner Fairchild was effected and procured by fraud and collusion on the part of the appellants, C. B. Vanhoose, George W. Vanhoose, Frank Fairchild and John H. Fairchild, with the intent to cheat and defraud the widow and children of the decedent by depriving them of the land. The prayer of the petition asked that the deed from C. B. Vanhoose to Abner Fairchild, deceased, be reformed by striking therefrom the name of Frank Fairchild and restoring that of Abner Fairchild as grantee; that the deed from Frank Fairchild to George B. Vanhoose be cancelled, and set aside and appellees be declared the owners and given the possession of the land.

The answer of appellants traversed the averments of the petition as amended, and in addition the separate answer of the appellant, George W. Vanhoose, alleged that he was an innocent purchaser, for a valuable consideration, of the land without knowledge of the change in the deed from C. B. Vanhoose to Abner Fairchild, if any had been made, and asked that his title to the land be quieted. All affirmative matter of the answers was controverted by reply. By the judgment rendered the appellees were granted the relief prayed by them, and from that judgment this appeal is prosecuted.

It is conclusively shown by the evidence that Abner
Fairchild was the grantee in the deed by which C. B.
Vanhoose divested himself of the title to the land in con-
troversy, and that he paid the consideration expressed
in the deed. Indeed, these two facts are conceded by ap-
pellants. It is also patent from the evidence, and like-
wise conceded by appellants, that the name of Abner
Fairchild was erased from the deed and that of his son,
the appellant, Frank Fairchild, inserted therein as gran-
tee, and that this change was made before the deed was
recorded with the deed made by Frank Fairchild to the
appellant, George W. Vanhoose.

The evidence does not disclose when, or by whom, the
name of Abner Fairchild was stricken from the deed, but
it shows with reasonable certainty that it was not done
by Abner himself, for numerous witnesses testified that
the deed, after his death, still contained his name as the
grantee. If, as insisted by appellant's counsel, Abner
himself erased the name from the deed, it must have been
for the purpose of inserting the name of another as
grantee, and if such had been his purpose, would he not
have written in the deed the name of the chosen substi-
tute?

But however uncertain may be the evidence as to the
identity of the person by whom the name of Abner Fair-
child was stricken from the deed, there is no doubt of
the identity of the person by whom the name of Frank
Fairchild was inserted as grantee, for he admitted in his
deposition on cross-examination, after many evasions
and with evident reluctance, that he wrote it in the deed
himself after his father's death. If he substituted his
own name for that of his father as grantee in the deed,
as we must believe he did, does not that act reasonably
allow the inference that he also erased that of the father?

His explanation of the matter is that his father had
told him he intended to give him the land, and that it was
in fact purchased for him by the father. He also proved
by two other witnesses that his father sometime before
his death expressed, in an indefinite way, an intention
to leave the land in question, and perhaps some other
property, to his son, Frank. It is evident, however, that
such intention, if it ever existed in the mind of the
father, was never carried into effect. Moreover, the
widow of the latter, several of his children and other wit-
nesses, testified that he never entertained such a pur-

pose, but on the contrary claimed the land as his own down to the time of his death and was living upon it when he died.

It was not alleged in the answer or testified by Frank Fairchild that Abner Fairchild had given him authority to insert his name as grantee in the deed which was made Abner by C. B. Vanhoose, nor was such authority shown by the testimony of any other witness; and the mere fact that Abner on one or more occasions may have expressed a purpose to give Frank the land, or that he erased his own name from the deed, if he did erase it, conferred upon Frank no authority to substitute his own name in the deed as grantee for that of his father.

It is also apparent from Frank's deposition that Abner Fairchild never surrendered to him possession of the land, or of the deed from C. B. Vanhoose in which Frank inserted his own name as grantee. It is true Frank was a member of his family at the time of his death, but so were some of his other children as well as his wife, and Wesley, a son, was occupying the land as a place of residence when Frank executed the deed by which he attempted to convey it to the appellant, George W. Vanhoose.

We think the evidence justifies us in holding that Frank Fairchild wrote his name in the deed in question with the fraudulent intent to deprive the widow and other heirs at law of Abner Fairchild of their interests respectively in the land. It it sufficient, therefore, that we declare the alteration of the deed by Frank Fairchild unauthorizd and fraudulent, without denouncing the act as a forgery. In either event the alteration was ineffectual to pass to him the title to the land described in the deed.

It being manifest, therefore, that Frank Fairchild was not invested with the title to the land by the deed from which his father's name as grantee had been erased and his own substituted, the death of Abner Fairchild caused the title to vest in his heirs at law, subject to his widow's dower, and Frank being an heir took an heir's part of one-tenth in the land, subject to his mother's dower, and this undivided interest passed to the appellant, George W. Vanhoose, under the deed executed to him.

It is needless to determine whether in the matter of his attempted acquisition of all the land through the

deed from Frank Fairchild, Geo. W. Vanhoose's attitude was that of an innocent purchaser for value. In other words, it is not material whether he knew or was ignorant of the unauthorized alteration by Frank Fairchild of the deed from C. B. Vanhoose to Abner Fairchild.

Where no title, legal or equitable, passed by a conveyance to the purchaser, for the reason that the title was in another person than the vendor, the fact that the purchaser paid value and had no notice is immaterial. 23 Am. and Eng. Ency. of Law, 483; Texas Lumber Co. v. Branch, 60 Fed. Rep., 201; 7th Pet. (U. S.), 222; Wallace v. Harmstead, 15 Pa., 462; Commonwealth v. Johnson, 29 R., 897.

The principle we have stated also applies to sales of personal property, notwithstanding the strong presumption of ownership arising from the vendor's possession of the property. Chandler v. Ferguson, 2nd Bush, 163; Struble v. Trustees Cinti. Railway, 78 Ky., 481.

There is no error as to C. B. Vanhoose in the judgment of the circuit court. As he was in possession of the land as an alleged tenant of G. W. Vanhoose and resisted appellee's claim of title, their recovery of the land was properly adjudged against him as well as the other appellants.

The court also properly adjudged the appellant, George W. Vanhoose entitled to the undivided one-tenth interest each of Frank and J. H. Fairchild in the land. As already stated, Frank's interest passed by the deed he executed to George W. Vanhoose, which to that extent is a valid deed, and J. H. Fairchild is, we think, estopped to complain of the loss of his interest in the land, as he participated in the fraudulent alteration of the deed by Frank Fairchild and the attempt of the latter to convey the whole to George W. Vanhoose.

As the judgment properly determined the rights of all the parties, it is hereby affirmed.