## Cole et al. v. Ohio Fuel Oil Company et al.

(Decided May 14, 1929.)

(As Modified, on Denial of Rehearing, July 3, 1929.)

772

C. F. SPENCER, C. S. MOFFETT and THEODORE B. BLAKEY for appellants.

GOURLEY & PARRISH, E. B. ROSE, J. F. SUTTON, E. L. McDONALD, L. G. CAMPBELL and GARNETT & VANWINKLE for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

The appellants brought this action against the appellees, alleging that they were the joint owners and entitled to the possession of the tract of land described in the petition, and that the defendants had entered upon and taken possession of the land, and were holding it without right. The allegations of the petition were controverted by answer, proof was heard, and at the conclusion of the evidence the court instructed the jury peremptorily to find for the defendants.

The only title which the plaintiffs attemptd to show was under Ollie Crawford, who died in 1876, without children. His wife survived him, but died a few years later. The plaintiff introduced proof showing that they were the descendants of Ollie Crawford's brothers and sisters. There was no proof showing that Ollie Crawford's father and mother were dead, and appellees insist that the peremptory instruction was properly given on this ground. Appellants insist that this objection cannot be made for

the first time in this court. But the motion for a peremptory instruction was not made upon any special ground. It was made upon all the proof, and it is immaterial here what grounds were argued in the circuit court.

By the statute in force when Ollie Crawford died, and still in force, the land of a person who dies intestate shall at his death descend to his children or their descendants; if none, to his father and mother; if no father or mother, then to his brothers and sisters and their descendants. General Statutes, p. 480; Kentucky Statutes, sec. 1393. There is proof in the record showing that Ollie Crawford was the son of Valentine Crawford. The brothers and sisters of Ollie Crawford, under the statute, took no interest in the land at his death, unless his father and mother were dead.

In 1 Greenleaf on Evidence, sec. 41, the rule is thus stated: ''When, therefore, the existence of a person, a personal relation, or a state of things, is once established by proof, the law presumes that the person, relation, or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised, from the nature of the subject in question. Thus, where the issue is upon the life or death of a person, once shown to have been living, the burden of proof lies upon the party who asserts the death.''

In 22 C. J. p. 86, sec. 28, the rule as to how long the presumption continues is thus stated: ''The limits of time within which the inference of continuance possesses sufficient probative force to be relevant vary with each case. Always strongest in the beginning the inference steadily diminishes in force with lapse of time, at a rate proportionate to the quality of permanence belonging to the fact in question, until it ceases or perhaps is supplanted by a directly opposite inference. In other words, it will be inferred that a given fact or set of facts whose existence at a particular time is once established in evidence continues to exist so long as such facts usually do exist.''

Appellants insists that, though there is no proof that the father and mother of Ollie Crawford were dead at his death, still it must be presumed that they were dead when this action was brought on September 22, 1926, and that appellants are their heirs at law, and so may recover. While there is proof that his father was dead, no facts are shown warranting the presumption that the mother of Ollie Crawford was dead at his death, and

774

there are no facts shown warranting the presumption that his mother was dead when the action was brought, or died intestate Some persons live to be much more than 100 years old; many do not die intestate. The statute by its terms applies only in cases of intestacy. Claiming under the statute, the plaintiffs failed to show title in them to the land, when by their proof they failed to show the facts necessary to bring them within the statute.

Judgment affirmed.

Whole court sitting, except Judge Willis.