# Murphy et al. v. Henry et al.

November 4, 1949.

Rehearing denied January 31, 1950.

Troy D. Savage and R. B. Murphy for appellants.

Nickell & Keck, Smith & Leary, and Amos H. Eblen for appellees.

CLAY, COMMISSIONER—Affirming.

This is an appeal from a Circuit Court judgment confirming an order of the Morgan County Court probating the will of Thomas Greene Henry. Appellant prayed that the probate be set aside because the will was void. The answer pleaded a compromise agreement between appellant and appellee, and asserted appellant had no interest in the estate involved.

Appellant and appellee are the only heirs at law of the deceased. On October 4, 1945 he executed a will bequeathing $500 to the former, and most of the remaining estate to the latter. He remarried two days after he executed the will; his former wife, mother of the two parties involved, having theretofore departed this world. He died in 1947, leaving an estate with an estimated value of approximately $15,000.

Shortly after her father's death, appellant consulted an attorney regarding the possibility of breaking the will. She was advised that it would be necessary to establish her father was of unsound mind, and she was not inclined to contest the will on this ground. A week or so later, after several conferences regarding the probate of the will between appellant, appellee, and their attorneys, appellant relinquished any claims she might have under the will and any interest she might have in her father's estate under the laws of descent and distribution. In consideration for this compromise, she was paid the sum of $2,500 cash by appellee. Thereafter the will was probated.

Appellant's position is that the compromise agreement is not binding, because appellee furnished no consideration for her agreement to accept less than the

amount she would inherit in the event her father died intestate. This contention is based on the argument that the subsequent marriage of her father revoked the will he had executed two days earlier; that this fact or legal result was known to appellee; and in settling with her, he relinquished nothing but a groundless claim.

The parties apparently are not in disagreement concerning the applicable principle of law. It is well settled in this state, as in others, that forbearance to prosecute a doubtful claim asserted in good faith will constitute adequate consideration for a compromise agreement. Forsythe v. Rexroat, 234 Ky. 173, 27 S. W. 2d 695, and Sutton v. Moore et al., 309 Ky. 229, 217 S. W. 2d 321. On the other hand, good faith alone is not sufficient if the claim is utterly groundless. Hardin's Administrators et al. v. Hardin, 201 Ky. 310, 256 S. W. 417, 38 A. L. R. 756. The cases cited by appellant recognize the above principles in holding that forbearance to sue on a groundless claim, *known to be so,* will not constitute consideration for a compromise.

It is well to bear in mind in this type of case that the question does not concern the actual legal validity of the claim, nor is it necessary that the person asserting it would be successful in a subsequent judicial proceeding. The problem is whether or not there was a *bona fide* settlement of *doubtful* rights, which the courts encourage. See 11 Am. Jur., Compromise and Settlement, Section 7, and Berry v. Berry et al., 183 Ky. 481, 209 S. W. 855.

Turning now to the facts shown in this case, we find the following situation. Under the will appellant was bequeathed the sum of $500. If the will was valid and unrevoked, this is all she would have received from her father's estate, and appellee would be entitled to substantially all the rest. Under KRS 394.090 a will is revoked by a subsequent marriage except under certain circumstances. Appellee consulted a reputable attorney about this will. His attorney advised him of the legal effect of the statute, but also expressed his opinion that there had been a pre-nuptial agreement between the deceased and his present widow. in view of which circumstance the will might be upheld in spite of the statute. This opinion was based upon an examination of legal authorities, one of them being the case of Stewart, etc.,

v. Mulholland, etc., 88 Ky. 38, 10 S. W. 125, 21 Am. St. Rep. 320.

We thus find that appellee, acting on competent legal advice in good faith, believed that the will might be upheld. Whether this claim could be successfully litigated is not the vital question before us, and we do not pass upon it. However, it was at least a doubtful one, and certainly was not groundless.

The evidence shows, as was pointed out by the Circuit Court in an able opinion, that after the question was raised, negotiations between the parties and their attorneys were conducted in good faith by all parties in an honest effort to settle a family controversy. Appellee was paid a substantial sum, as was likewise the deceased's widow who entered into a settlement at the same time. Since appellee relinquished his full claim under the will, which at least rose to the dignity of a doubtful one asserted in good faith, he furnished appellant adequate consideration for the compromise.

Appellant further contends that even if there was consideration, appellee breached his duty to disclose to her all essential facts. This contention is based on the theory appellant and appellee had a fiducial or confidential relationship, and he did not inform her of the doubtful validity of the will because of the subsequent marriage. Assuming, which we do not find, that any such relationship existed between the parties, it is obvious that when appellant employed an attorney to assert her adverse rights, she was thenceforth dealing "at arms length" with appellee and his attorney. Even if this was not so, and we entertain no doubt about it, appellee surely would not be required to advise his sister that the will was invalid because of the statute when he had a legal opinion of his attorney to the contrary.

Since appellant relinquished her rights to share in her father's estate under a binding contract, whether the will was valid or void, the Chancellor properly dismissed her petition.

The judgment is affirmed.