## Noland et al. v. Noland et al.

January 9, 1951.

E. B. Beatty, Judge.

Ezart F. Shumate and Shumante & Shumate for appellants.

S. H. Rice for appellees.

VAN SANT, COMMISSIONER—Affirming.

This is an action in ejectment instituted by appellants against their half brothers and sisters who are the appellees. At the conclusion of the evidence, by agreement of the parties, the cause was submitted to the Chancellor for judgment, without the intervention of a jury. Judgment was entered dismissing the petition.

John Noland and Joseph Noland were brothers. John died intestate in the year 1893. He was survived by his six children, who instituted this action, and his wife, Rosa. Approximately eighteen months after John's

death his widow married his brother Joseph. Nine children were born of this union all of whom, together with their mother, were living at the time of his death in the year 1945. Rosa Noland died in the year 1946 survived by all of the children of both marriages. The children of Joseph and Rosa are the appellees herein.

The land in dispute originally consisted of two tracts and was owned and possessed by John at the time of his death in the year 1893. He had mortgaged each of the tracts to secure separate debts which were unsatisfied during his lifetime. After his death the creditors, in separate suits, instituted actions to recover judgments for the debts and to foreclose the mortgages to satisfy the judgments. Joseph purchased one of the tracts at the decretal sale and accepted the court commissioner's deed for the property. This deed was executed by the commissioner and examined and approved by the court on the 25th day of June, 1896, was acknowledged by the commissioner on the 12th day of December, 1899, and was lodged for record in the Estill County Court Clerk's Office on the 13th day of December, 1899. The second tract was purchased at the decretal sale by Theo Noland and J. F. West, who received the master commissioner's deed therefor and who sold the property to Joseph Noland by deed executed on the 9th day of April, 1901. These deeds likewise were recorded in the Office of the Clerk of the Estill County Court.

Appellants contend that the judgments and orders of sale in both of the foreclosure actions were void, therefore, all proceedings pursuant to the judgments were of no effect and title to neither of the tracts passed to Joseph, consequently, as John's only heirs at law, they are the owners and entitled to the possession of the property. Appellees contend that this action in ejectment is not a direct attack on the judgments and that the petition herein is not sufficient to support appellants' contention by way of collateral attack. We find it unnecessary to discuss these contentions for the reason hereinafter expressed.

Joseph occupied the property in dispute from the year 1901 until his death in the year 1945. This possession was under color of title, adverse to all the world, open, exclusive, peaceable, notorious, continuous; and to a well defined boundary. That being true, Joseph's

possession ripened into title irrespective of the validity or invalidity of the deeds clothing him with its color. Ely v. Fuson, 297 Ky. 325, 180 S. W. 2d 90. Upon his death the property passed to his children subject to the widow's dower, which in turn expired upon her death. The Chancellor correctly dismissed the petition.

The judgment is affirmed.