Ruby RYBURN, etc., Appellant,

v.

The FIRST NATIONAL BANK OF MAY-
FIELD, etc., et al., Appellees.

Court of Appeals of Kentucky.

Dec. 17, 1965.

Charles I. Dawson, Richard W. Iler, Louisville, Louis Cox, Frankfort, L. M. Tipton Reed, Mayfield, David R. Reed, Paducah, for appellant.

James W. Stites, S. Russell Smith, Louisville, Malcolm R. Boaz, Mayfield, for First Nat. Bank of Mayfield as executor and trustee under the Will of Ed Gardner, its directors and Evelyn Fuller Williams.

Farland Robbins, Mayfield, for The Annie Gardner Foundation, its trustees, and John Emerson.

MONTGOMERY, Judge.

Ruby Ryburn, as guardian, appeals from a judgment in which it is held that she as guardian for Bunk Stephen Gardner and Anne Gardner, infants and grandchildren of Bunk Gardner, Sr., deceased, cannot contest the probate of the will of Ed Gardner, deceased. A full statement of pertinent facts appears in Annie Gardner Foundation v. Gardner, Ky., 375 S.W.2d 705. Reference is also made therein to related litigation.

The question presented arises from the will contest mentioned therein. Ruby Ryburn has succeeded Emily Gardner as guardian. The question is whether Bunk Stephen Gardner and Anne Gardner, the children of Bunk Gardner, Jr., and grandchildren of Bunk Gardner, Sr., deceased, are heirs at law of Ed Gardner, their great-uncle who died leaving surviving him

no descendants, no father or mother, and only the one brother, Bunk Gardner, Sr., who has since died.

It is contended by appellant that the release executed in January 1959 by Bunk Gardner, Sr., and Bunk Gardner, Jr., operated as a waiver, surrender, and disclaimer of any interest which either then had or subsequently might have in the Ed Gardner estate and that such relinquishment operated to make Bunk Stephen Gardner and Anne Gardner the next in line of succession as heirs at law of Ed Gardner, deceased, under KRS 391.010 and 391.030, and as such they are entitled to contest the validity of the probated documents. The principal domestic authority relied on by appellant is Bates v. Wilson, 313 Ky. 572, 232 S.W.2d 837.

Appellees contend, inter alia, that the title to real and personal property descends by operation of law immediately upon the death of the intestate and that the determination of heirship takes place at the moment of death in accordance with the statute of descent and distribution.

 The dominion of an owner over his property ends at his death. If the owner has chosen to dispose of it by will the property passes according to the terms of the will. Otherwise, the property devolves as provided by law in order that there may be an orderly devolution of property. Ordinarily this is accomplished by a statute of descent and distribution in which the persons to take the estate are designated. KRS 391.010 and 391.030; 23 Am.Jur. 2d, Descent and Distribution, Section 1, pages 749 and 750; 26A C.J.S. Descent and Distribution § 2, Note, page 517.

The devolvement of property by law is accomplished by other statutes that prohibit or provide for a taking as the case may be. The statute prohibiting a potential heir and distributee from taking who feloniously brings about the death of his intestate is an instance of the first kind. KRS 381.280; Wilson v. Bates, 313 Ky. 333, 231 S.W.2d

39. Adoption statutes that govern the inheritance by an adopted child may do both; that is, prohibit inheritance from the natural parent and provide for inheritance from the adoptive parent. KRS 199.520; Arciero v. Hager, Ky., 397 S.W.2d 50 (decided December 10, 1965); Bedinger v. Graybill's Executor and Trustee, Ky., 302 S.W.2d 594. The statute in each instance is supplementary to the statute of descent and distribution and determines who shall take as an heir at law from a deceased owner of property.

KRS 391.010 is the controlling statute here. It provides:

"When a person having right or title to any real estate of inheritance dies intestate as to such estate, it shall descend in common to his kindred, male and female, in the following order, except as otherwise provided in this chapter:

(1) To his children and their descendants; if there are none, then

(2) To his father and mother, if both are living, one moiety each; but if the father is dead, the mother, if living, shall take the whole estate; if the mother is dead, the whole estate shall pass to the father; if there is no father or mother, then

(3) To his brothers and sisters and their descendants; if there are none, * * *."

Only the pertinent portion of the statute is quoted.

It should be noted that the statute fixes the time of taking and the persons to take. The time of taking is when a person dies and the persons to take are designated by successive classes, with priority given to children and their descendants, parents, and then brothers and sisters in that order and so on. Under KRS 391.010 the real estate of a person who dies intestate descends immediately to and vests in those who are his heirs at law. Noland v. Noland, 314

Ky. 316, 235 S.W.2d 763; Rose v. Rose, 296 Ky. 18, 176 S.W.2d 122; Farmers' Exchange Bank of Millersburg v. Moffett, 256 Ky. 160, 75 S.W.2d 1063. Personal property passes as provided in KRS 391.010, subject to certain provisions not pertinent here. KRS 391.030. Accordingly, if Ed Gardner died intestate, under the factual situation here, Bunk Gardner, Sr., as his brother and being the only living person in that class of priority, became the sole heir at law of Ed Gardner and the person in whom the entire estate vested immediately upon the death of Ed Gardner. Heir at law was so defined in Hafner's Ex'r v. Hafner, 306 Ky. 93, 206 S.W.2d 196.

■ A reading of KRS 391.010 discloses that before any succeeding class of heirs may take all those in the preceding classes must be dead, and so long as there is a living member of a class no member of a succeeding class can take in his stead. Bunk Gardner, Sr.'s taking was conditioned on Ed Gardner's having left no children or descendants and no father or mother. If Ed Gardner had left a child living, Bunk Gardner, Sr., would never have taken as an heir at law of Ed Gardner because the living child would have taken the estate at the instant of death, and it would thereafter have been the child's estate. Thus, in order for Bunk Stephen Gardner and Anne Gardner, as descendants of a brother to the intestate, to become heirs at law of Ed Gardner, both Bunk Gardner, Sr., and Bunk Gardner, Jr., in this instance would have had to be dead at Ed's death. Neither was then dead. All possible prior takers under the statute must be dead at the time of the intestate's death in order for a succeeding taker to become an heir at law of the intestate. The person claiming as an heir must show that those standing in an intervening relationship to the intestate are dead. Cole v. Ohio Fuel Oil Co., 229 Ky. 771, 17 S.W.2d 1029; 3 Page on Wills, Bowe-Parker Revision, Section 26.52, page 120, and Section 26.57, page 130. Thus, it is concluded that Bunk Stephen Gardner and Anne Gardner are not heirs at law of

Ed Gardner because Bunk Gardner, Sr., an intervening taker, became the sole heir at law of Ed Gardner. Upon the death of Bunk Gardner, Sr., subsequently, Bunk Gardner, Jr., became his heir at law. The fact that Bunk Gardner, Jr., was living at the time of Ed Gardner's death also precluded his children from becoming heirs at law of Ed Gardner since Bunk Gardner, Jr., was an intervening taker. Hence, appellant has no right to contest the probate of the Ed Gardner will. Rogers v. Leahy, 296 Ky. 44, 176 S.W.2d 93, 149 A.L.R. 1267; Eckert v. Givan, 298 Ky. 621, 183 S.W.2d 809; Murphy v. Henry, 311 Ky. 799, 225 S.W.2d 662.

■ In this view of the matter it is unnecessary to discuss the effect of the so-called release except to say that it had no force and effect in so far as creating heirs at law of Ed Gardner, deceased, for the reason stated above; that is, succession to intestate property is by force and operation of statute and not by contract. 23 Am.Jur. 2d, Descent and Distribution, Section 11, pages 758–759. "The right to take property, either real or personal, by inheritance, is one created by law, and the Legislature, in the absence of constitutional limitations, has absolute power to say who shall inherit." Richardson's Adm'r v. Borders, 246 Ky. 303, 54 S.W.2d 676, 87 A.L.R. 196. The lower court relied on Hudnall v. Ham, 183 Ill. 486, 56 N.E. 172, 48 L.R.A. 557, which is in harmony with the reasoning herein.

Bates v. Wilson, 313 Ky. 572, 232 S.W.2d 837, relied on by appellant, is in accord herewith. This is a companion case to Wilson v. Bates, 313 Ky. 333, 231 S.W.2d 39, previously referred to, in which the constitutionality of the statute prohibiting inheritance by reason of felonious homicide was upheld. In Bates v. Wilson, under the statute, it was held that where a son killed his parents and was convicted therefor of a felony for the purpose of inheritance the son must be considered as though he had preceded in death his parents, and the inter-

est which the son would have taken in their property descended under the statute to his only child. In such case the property descended by operation of law under KRS 381.280 and 391.010. The case is not authority for the proposition for which it is cited.

Judgment affirmed.