**CUMBERLAND FALLS CHAIR LIFT, INC. a Kentucky Corporation, Appellant,**

v.

**COMMONWEALTH of Kentucky et al., Appellees.**

Supreme Court of Kentucky.

April 30, 1976.

C. Kilmer Combs, Kelsey E. Friend Law Firm, Pikeville, for appellant.

Joseph J. Leary, Larry M. Greathouse, Frankfort, for appellees.

PER CURIAM.

Cumberland Falls Chair Lift, Inc. (hereinafter "Chair Lift"), appeals from a summary judgment which dismissed Chair Lift's action for damages, for alleged breach of contract, against the Commonwealth of Kentucky and various of its departments and officers. Prior to the entry of that judgment the parties had entered into a settlement under which Chair Lift was to be paid $127,100, and an agreed judgment so providing had been entered. On motion by the defendants, under CR 60.02, an order thereafter was entered setting aside the agreed judgment, following which the judgment dismissing the action was entered. The principal argument of Chair Lift, on this appeal, is that the circuit court erred in setting aside the agreed judgment of settlement, wherefore the judgment dismissing the action should be reversed and the agreed judgment reinstated. (Of course the order setting aside the agreed judgment is reviewable on appeal from the subsequent judgment.)

The contract which was alleged to have been breached by the defendants was between Chair Lift and the Commonwealth by and through its Department of Parks. It provided for a long-term lease or license to Chair Lift, of an area within Cumberland Falls State Park, for the operation of a chair lift as a tourist attraction. The rent to be paid was in the form of graduated percentages of gross receipts.

The contract was entered into on February 14, 1974, and thereafter Chair Lift commenced work in clearing the site for the chair lift and incurred expenditures of $106,901.91 (this being an agreed figure) for machinery, equipment, fixtures, labor and supplies. On May 28, 1974, the Governor cancelled or terminated the contract on the ground that the construction and operation of the proposed chair lift would be in violation of the Wild Rivers Act, KRS 146.200 to 146.350, which had been enacted in 1972 but the possible application of which to the proposed chair lift had been overlooked by all parties to the contract. The Wild Rivers

Act prohibits certain structures and activities within determinable distances of the streams in Kentucky designated in the Act as "wild rivers." The position of the Governor in terminating the chair-lift contract was that the contract was illegal.

Thereafter, Chair Lift brought the instant action, seeking damages of over $1,600,000. A motion by the defendants to dismiss the action was overruled. An answer then was filed pleading, among other defenses, illegality of the contract. Interrogatories and requests for admissions were submitted, and depositions were taken. Finally, the parties reached the settlement agreement hereinbefore mentioned, and the agreed judgment was entered. That was on December 23, 1974. The defendants had been advised by the Attorney General to use their own judgment as to making the settlement.

A few days after the agreed judgment was entered the incumbent Governor left office to become United States Senator, and was succeeded by a new Governor. The judgment was not paid, and on January 15, 1975, the new Governor (having been substituted as a party) moved under CR 60.02 to have the agreed judgment set aside on the grounds that the judgment was void and that it was of an extraordinary nature in that it awarded the plaintiff $127,100 under the contract while simultaneously it held the contract "for naught."

The circuit court set aside the judgment on the grounds that (1) the refusal of the defendants to pay the amount of the agreed judgment was a "reason of an extraordinary nature justifying vacation of the judgment," (2) the contract at suit "may have been unlawful," and (3) the fact that the rights, duties and obligations of the sovereign were at issue constituted yet another reason of an extraordinary nature justifying relief from the judgment. *It will be noted that there were no allegations or findings of fraud or bad faith.*

In the ultimate judgment dismissing the action the circuit court held that the contract was void because it violated the Wild Rivers Act, and that the agreed judgment was void also because it was "predicated upon" the void contract.

The primary contention of Chair Lift, on this appeal, is that the question of legality of the contract was in good-faith dispute between the parties, was reasonably arguable, and therefore the claim validly could be compromised. We believe the contention is correct.

The general rule, as stated in 15 Am. Jur.2d, Compromise and Settlement, sec. 15, p. 950, is:

"* * * if it is disputed and doubtful whether a transaction was illegal, the relinquishment of a claim based on the transaction may constitute good consideration for a compromise. Thus, if there is a good-faith dispute as to the existence of illegality in a transaction, and if a compromise is made which expressly deals with the issue of illegality, the compromise will be valid * * *"

The rule is recognized by decisions of this court, holding that the question in determining the validity of a compromise is not whether the claim ultimately would have been upheld, but whether the claim was not wholly groundless, was at least doubtful, and was settled in good faith. See *Fisher v. May's Heirs,* 5 Ky. 448; *Murphy v. Henry,* 311 Ky. 799, 225 S.W.2d 662.

This court is not advised of any different rule applicable where the state is the party defendant, and in 81 C.J.S. States § 211, p. 1298, the statement is made that the general rules applicable to compromise of claims between individuals apply where the state is a party. This court is not prepared to say that in no circumstances will any consideration be given to the question of whether the interests of the citizenry have been observed in a particular compromise to which the state is a party, but the pleadings in the instant case do not call for such consideration.

The authorities on which the appellees rely all deal with the situation where the contract is *undisputably and undoubtedly* illegal and its illegality was not in fact disputed. Such is the authority of 15 Am.

**318**

Jur.2d, Compromise and Settlement, sec. 15, p. 950 (first sentence). To the same effect are the individual cases cited by the appellees for the proposition that an agreed judgment or a compromise cannot be *predicated upon*, or be *supported by*, or *emerge from*, or *arise out of* an illegal contract. In every one of those cases, the illegality of the contract was unquestioned.

■ It is the opinion of this court that the burden was on the appellees in their motion under CR 60.02 to set aside the agreed judgment, to show that when the settlement was made there was no dispute or no reasonably arguable question as to the illegality of the contract. There was no such showing, and the only fact found by the circuit court, relevant to that issue, was that the contract "may have been unlawful." The record evinces to this court that there was a reasonably arguable question as to the illegality of the contract. Chair Lift was maintaining that the Wild Rivers Act was not self-executing as to determination of the distances from the streams within which the prohibition of the Act applied, but required that the boundaries be physically laid out and marked by visual observations by state administrative personnel; and that the contract had validity absent such having been done. While this court might not be persuaded of the ultimate validity of that argument, we are not prepared to say that the argument did not present a reasonably debatable question. Chair Lift also was maintaining that there were equitable grounds on which Chair Lift was entitled to damages, even if the contract eventually be held illegal. Again, this court cannot say that these propositions were not reasonably arguable.

■ It must be remembered that the agreed judgment did not accomplish any violation of the Wild Rivers Act, the purpose of which Act is to preserve ecological values. The agreed judgment provided only for the payment of money in settlement of a claim in litigation.

This court finds no validity in the grounds relied upon by the circuit court in setting aside the agreed judgment. The fact that the state would not pay what it had agreed to pay does not strike us as being a reason of any nature, extraordinary or otherwise, to justify setting aside the judgment. The fact that the contract "may have been unlawful" is not significant; it would have had to be found undisputably and undoubtedly illegal. And the fact that the interests of the sovereign are involved is not a basis for granting relief, absent any authority for the proposition that the state is not bound the same as an individual in settling a legitimately disputed claim.

The judgment is reversed with directions to reinstate the agreed judgment of December 23, 1974.

All concur.