Jerry K. SIRLS and wife, Brenda
Sirls, Appellants,

v.

Sandra Darlene JORDAN, Appellee.

No. 81–CA–504–MR.

Court of Appeals of Kentucky.

Oct. 23, 1981.

Discretionary Review Denied Jan. 6, 1982.

Robert L. Prince, Prince & Owen, Benton,
for appellants.

Paul Shapiro, Lovett, Johnson & Shapiro,
Benton, for appellee.

Before HOGGE, HOWARD and Mc-
DONALD, JJ.

McDONALD, Judge:

This appeal presents the question of
whether a bona fide purchaser of real prop-
erty from some of the heirs of the former
owner takes subject to the interest of an
undisclosed heir. The trial court granted a
summary judgment for the heir and held
that her interest had not been defeated.

When heirs to intestate real property
want to convey it, K.R.S. 382.120 requires
that they file an affidavit of descent before
recording their deed. In this case, Eukley
McNeely died intestate on November 28,
1977, owning 50 acres of real property in
Marshall County. On April 17, 1978, his
brother, sister, niece and nephew executed
an affidavit of descent listing themselves as
the only surviving heirs at law having an
estate of inheritance in his land. They filed
the affidavit for record and conveyed the
entire tract by general warranty deed to
Mr. and Mrs. Sirls, the appellants, for $37,-
101.00.

Two years later, Sandra Darlene Jordan,
the appellee, filed an action for partition or
sale of the land. The petition named as
defendants Mr. and Mrs. Sirls; also named
were David and Cindy Ganger, other heirs
at law of the decedent omitted by the affi-
davit of descent. The appellee claimed ¹⁄₁₂
interest in the property as grandniece of
the decedent. She stated that the Gangers
each inherited ¹⁄₂₄ interest in the property at
Eukley McNeely's death. (The Gangers
were never located during the lower court
proceedings despite the efforts of a warn-
ing order attorney. They are not parties to
this appeal.)

The appellants denied that the appellee
had any interest in the 50-acre tract. Both
sides moved for a summary judgment. The
appellee's position was that although the
other heirs had purported to convey the

whole tract, they only owned an undivided fractional share. They could not convey more than they owned and they could not deprive her of her vested interest by a conveyance which she had not joined. The appellants countered with the argument that because they are unquestioned bona fide purchasers of the property, their title should be protected from the appellee's claims.

The court granted the appellee's motion, overruled the appellants', and entered the following order:

IT IS, THEREFORE, THE ORDER AND JUDGMENT of this Court that the relief sought by petitioner be granted to the extent that it is now determined that the petitioner was not, as a matter of law, divested of her interest in the real estate identified in the Complaint (Petition); and that she continues to be the owner of said interest pending her conveyance of the same on a voluntary basis or upon a petition for division.

The appellants appealed this order. For the reasons discussed below, we affirm.

The parties agree that the affidavit of descent omitted three heirs at law of the decedent. There are no issues of fraud, notice, or laches raised. Surprisingly, the question of priority under these circumstances has not been squarely addressed in this jurisdiction. This appears to be a case between two innocent parties, for the heirs who executed the affidavit and received the consideration for the land have not been joined in the action.

The appellee cites two early cases for the proposition that the rights of heirs who have not joined in a conveyance are enforceable against a subsequent purchaser. *New York & T. Land Company v. Hyland*, 8 Tex.Civ.App. 601, 28 S.W. 206 (1894); *Carter v. Thompson*, Ark., 267 S.W. 790 (1925). In the Texas case, the purchaser's belief that he was purchasing from all the heirs was held to be not sufficient to deprive the omitted heir of his interest. In the Arkansas case, the other heirs had supplied an ex parte affidavit at the request of the title examiner. The court held that the recitals

in the deeds, even when backed up by the affidavit, were incompetent to prove that they were the only heirs.

The appellants cite cases which protect those who rely on the public records of conveyances. The cases focus on the question whether the purchaser had notice of inconsistent interests, but notice was not an issue here. In *Bashara v. Glasscock*, Tex. Civ.App., 289 S.W. 128 (1926), the court held that any gap in the chain of title by failure of a conveyance by the decedent's personal representative was cured by properly filed and recorded affidavits of descent. A later Texas case, *Moran v. Adler*, Tex., 570 S.W.2d 883 (1978), advocates the protection of apparent legal titles over hidden titles. In that case the hidden heirs were children who alleged they had been equitably adopted by their stepmother and were therefore entitled to an interest in property owned by her. The court held in favor of the good faith purchaser because there was no way that a search of the records would reveal an interest of children who were equitably adopted.

The problem with adopting a rule in favor of the good faith purchaser for value over the omitted heir in this jurisdiction is that it runs counter to our statutes and to established principles of property law. We are not convinced that the appellants are entitled to the protection of our recording statute, K.R.S. 382.080. It is a notice statute, and provides in part as follows:

No deed conveying any title to or interest in real property, or lease of oil, gas, coal or mineral right and privilege, for a longer time than five (5) years, nor any agreement in consideration of marriage, shall be good against a purchaser for a valuable consideration without notice thereof, or any creditor, unless the deed is acknowledged by the party who executes it, or is proved and lodged for record in the proper office, as prescribed by law.

Although there is no dispute over the appellants' giving of value and their lack of notice, we point out that the statute does not protect good faith purchasers against all adverse claims. The statute seeks to

redress the evils of prior unrecorded deeds, mortgages and leases by making them ineffectual as against subsequent bona fide purchasers. In this way, the statute upholds the recording system and the interests of those who comply with it. But it does not void other interests which are not required to be recorded. Until the appellee chose to convey her interest, she would have no obligation to record; therefore, her interest falls outside the statute.

Nor does K.R.S. 382.120, which requires the affidavit of descent, invest that document with the effect of a warranty of title. The statute merely sets out the steps an intestate heir must take to enable him to file a deed and convey his interest. The contents of the affidavit, as called for in the statute, provide the potential purchaser with notice of the source of title claimed by the grantor. However, the statute does not raise the affidavit to the level of conclusive proof of heirship, and we decline to do so by decision. We note that any of several people can file the affidavit: the grantor, any heir or next of kin of his ancestor, or any two Kentucky residents with knowledge of the facts. K.R.S. 382.120. The legislature anticipated the risk of fraud inherent in such instruments because it supplied a statutory cause of action for an injured party against a person who knowingly makes a false statement in an affidavit of descent. K.R.S. 382.990(2).

Finally, we are confronted by the principle that the decedent's estate in intestacy vests in the heirs at law immediately upon his death. *Ryburn v. First National Bank of Mayfield*, Ky., 399 S.W.2d 313 (1965). It is undisputed that the appellee is an heir at law of the decedent and that title vested in her and the other heirs at Eukley McNeely's death. We add to this the fundamental rule that what passes under a deed is that title that the grantor had. *Vanhoose v. Fairchild*, 145 Ky. 700, 141 S.W. 75 (1911). *See also*, K.R.S. 381.150 which states:

A deed in warranty of land purporting to pass or assure a greater right or estate than the person can lawfully pass or assure, shall operate to convey on warrant so much of the right and estate as such person can lawfully convey.

The inescapable conclusion is that the four heirs could warrant and convey only the interests which they inherited from the decedent.

The court in *Vanhoose, supra*, stated at 141 S.W. 76:

Where no title, legal or equitable, passed by a conveyance to the purchaser, for the reason that the title was in another person than the vendor, the fact that the purchaser paid value and had no notice is immaterial. [Citations omitted.]

Although our decision penalizes the innocent purchasers, they have not been left without a remedy. First, there is an action against the heirs on the warranty. Second, K.R.S. 382.990(2) provides a penalty and a right of action for the willful and fraudulent making of an affidavit of descent.

We affirm the judgment of the trial court that there were no issues of material fact and that appellee was entitled to judgment as a matter of law.

HOWARD, Judge, concurs.

HOGGE, Judge, concurs by separate opinion.

HOGGE, Judge, concurring:

The question involved in this case is another of the vagaries in our law that appears to prescribe a treatment that does not cure the defect. K.R.S. 382.120 provides for the affidavit of descent and the necessary safeguards of its accuracy are by both civil and criminal liabilities for fraud as set forth in K.R.S. 382.990. However, this enactment doesn't appear to elevate the dignity of the affidavit to the level that would protect the innocent purchaser, relying on that affidavit, as against omitted heirs. Until the legislature sees fit to make the affidavit conclusive proof of ownership, the innocent purchaser must continue to suffer a possible cloud on his title. The act should enable the innocent purchaser to rely on this source of title, else why should it be a

prerequisite to recording the deed, or a requirement at all.